UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAW-NAE DIXON, THOMAS CASATELLI, JEANETTE RIVERA, NATALIA YAKUBOVA, CHRIS KING, ALISON MARCHESE, on behalf of AM, JM, and MMV (her minor children), WILLIAM MORRIS, , GEORGE KABBEZ, MARY JOSEPHINE GENEROSO, SHAW-NAE'S HOUSE, LLC, SALTY DOG RESTAURANT, LTD, PER TAVERN CORP. d/b/a THE KETTLE BLACK, and CARGOSTORK PARTIES, INC. d/b/a DO ME A FAVOR, INDEPENDENT RESTAURANT OWNERS ASSOCIATION RESCUE, INC., <br>      Plaintiffs, <br> v. <br><br> BILL DE BLASIO, in his official capacity as Mayor of the City of New York, AND THE CITY OF NEW YORK, <br><br>      Defendants. | Civil Action No._____ -cv--_____- <br><br> **DECLARATION OF RONALD A. BERUTTI IN SUPPORT OF PLAINTIFFS' ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINTS AND OTHER RELIEF** |

**RONALD A. BERUTTI**, of full age, hereby declares the following under penalty of perjury:

1. I am a Member of the Weiner Law Group LLP, attorneys for the plaintiffs herein. I am fully familiar with the facts. I make this Declaration in Support of the Plaintiffs' Order to Show Cause Seeking Temporary Restraints and Other Relief.

2. On September 13, 2021, the proposed Order to Show Cause and all supporting papers, including the Verified Complaint, was emailed to the New York City Law Department at serviceecf@law.nyc.gov in keeping with the procedures set forth on the website, www1.nyc.gov/site/index.page.

3. There was no telephone number for me to call and, thus, we did not contact the Law Department by telephone.

4.      Attached hereto as **Exhibit A** is a true copy of a Decision and Order in the matter styled Independent Restaurant Owners Association Rescue (I.R.O.A.R.) et, al. v. Bill DeBlasio, Supreme Court of the State of New York, County of Richmond, Index No. 85155/2021, entered by Honorable Lizette Colon, J.S.C., on September 9, 2021.

I hereby declare the foregoing to be true and correct based on my personal knowledge under penalty of perjury under the laws of the United States of America.

                                    **WEINER LAW GROUP LLP**
                                    Attorneys for Plaintiffs

                           By: _____
                                  Ronald A. Berutti

Dated: September 13, 2021

2115083_1.docx

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
----------------------------------------------------------------------X   IAS PART 21
INDEPENDENT RESTAURANT OWNERS
ASSOCIATION RESCUE (I.R.O.A.R.),                                          Present:
EVOLVE33LLC d/b/a EVOLVE-33,
STATEN ISLAND JUDO JUJITSU,                                               Hon. Lizette Colon, J.S.C.
DELUCA'S ITALIA RESTAURANT, INC.,
PROJECT VISUAL, INC. d/b/a MAX'S ESCA, and                                DECISION AND ORDER
ROCCO'S BROOKLYN BAKERA d/b/a
PASTICCERIA ROCCO,                                                        Index No. 85155/2021

                                                               Petitioners,                  Motion No. 001 & 002

      -against-

BILL DE BLASIO, in his official capacity as
MAYOR of the City of New York, and
THE CITY OF NEW YORK,

                                                              Respondents.

----------------------------------------------------------------------X
The following papers numbered 1 to 4 were marked fully submitted on September 3, 2021:

|  | Papers Numbered |
|---|---|
| Order to Show Cause annexing a Verified Petition dated August 17, 2021 ......... | 1 |
| Respondent's Affirmation in Opposition prepared by Jay Varma, M.D. dated September 2, 2021, with Exhibits Annexed ............................................. | 2 |
| Respondent's Memorandum of Law in Opposition ...................................... | 3 |
| Notice of Petition ........................................................................... | 4 |

      Petitioners seek an order from this Court permanently enjoining the enforcement of the "regulation" promulgated by the government requiring any entity that operates one or more covered premises [Indoor Entertainment and Recreational Settings, Indoor Food Services, and Indoor Gyms and Fitness Settings] from allowing specified individuals from entering their covered premises without providing "proof of vaccination and identification bearing the same identifying

information as the proof of vaccination" or face a significant fine beginning on September 13, 2021. The Court denies petitioners' application without prejudice.

*What is the Article 78 proceeding and when should it be used?*

Professor Siegel in his treatise *New York Practice* summarizes the use of the Article 78 proceeding succinctly when he said:

> The Article 78 proceeding supersedes the common law writs of mandamus, prohibition and certiorari to review, supplying in replacement of all three of them a uniform device for challenging the **activities of an administrative agency in court**. The administrative agency is the major apparatus today for the conduct of government, the unit through which regulation reaches down to the people on an individual basis (New York Practice, Siegel and Connors 6th ed. § 557)(emphasis added).

Without belaboring the point, the people may utilize the Article 78 proceeding to check the government's use of its administrative powers through various agencies before a court. Despite the arguments raised by petitioners and the responses provided by the government's lawyers Mayor Bill de Blasio is not an administrative agency, nor are the executive orders he issues administrative regulations contemplated under Article 78. And while petitioners failed to annex a copy of Emergency Executive Order No. 225, or any other admissible evidence supporting their arguments, to their moving papers, requirements made clear by statutory law, regulatory rules, and the terms of New York City's charter provided for its widespread dissemination to the public—including this Court.

*What is an Executive Order and what is its function?*

The New York City Charter, like the constitutions governing the actions of the federal and state governments separates governmental powers across three branches of government—the Executive, Legislative, and Judicial. In this context petitioners tried to challenge actions taken by the Executive branch—the mayor. The Executive branch of government may issue directives to

those entities within its authority in the form of executive orders which may have limited or widespread effect and may or may not last beyond the Executive's term in office depending on the prerogatives of the Executive's successors. Those individuals subject to the orders issued by the Executive, generally employees of the Executive branch, must obey orders issued by the Executive because those orders represent the will of the executive branch of government which resides in an individual elected by the people.

While the administration of governmental agencies operated by the Executive branch may reach down and directly affect the people on an individual basis, the government, through the Executive, *may* not usually dictate a course of conduct on the people through fiat—citizens, whether small business owners or residents of the City, are not employees of the Executive branch government.

Those individuals tasked with drafting the framework of governmental power during periods of calm reflection delineated how a civil government should exercise its authority over the people notwithstanding periods of unanticipated emergency short of martial law. Emergency Executive Order No. 225 seems to recognize this reality but moves a step farther when it states unequivocally the following:

> NOW, THEREFORE, pursuant to the powers vested in me by the laws of the State of New York and the City of New York, including but not limited to the New York Executive Law, the New York City Charter and the Administrative Code of the City of New York, and the **common law authority to protect the public in the event of an emergency**... (emphasis added)

This Court recognizes a State's authority encompasses those limited and enumerated powers permitting the government to protect the rights of the people—which *may* include reasonable steps to protect their health and welfare. However, this Court knows of no common

law power in New York State granting an individual acting in the capacity as the local Executive branch the "authority" to "protect the public in the event of an emergency."

New York State Executive Law § 24, in effect when the Mayor issued Emergency Executive Order No. 225 permits a local chief executive to issue a proclamation "not to exceed thirty days or until rescinded by the chief executive, whichever occurs first."

The relevant portion of the Executive Law provides illustrative cases of what *may* constitute instances where a "chief executive may promulgate local emergency orders to protect life and property or to bring the emergency situation under control." The statute's language indicates the executive *may* have limited authority to promulgate directives *suspending* local ordinances, regulatory rules, and state laws for a limited period. It also appears that the statute may permit the executive to *proactively* issue orders to establish medical care facilities and to provide public services through executive orders. It does not provide a basis to proactively issue so-called unlimited emergency regulations. The statute provides the following illustrations of permissible emergency actions:

> a. the establishment of a curfew and the prohibition and control of pedestrian and vehicular traffic, except essential emergency vehicles and personnel;
>
> b. the designation of specific zones within which the occupancy and use of buildings and the ingress and egress of vehicles and persons may be prohibited or regulated;
>
> c. the regulation and closing of places of amusement and assembly;
>
> d. the suspension or limitation of the sale, dispensing, use or transportation of alcoholic beverages, firearms, explosives, and flammable materials and liquids;
>
> e. the prohibition and control of the presence of persons on public streets and places;

f. the establishment or designation of emergency shelters, emergency medical shelters, and in consultation with the state commissioner of health, community based care centers;

g. the suspension within any part or all of its territorial limits of any of its local laws, ordinances or regulations, or parts thereof subject to federal and state constitutional, statutory and regulatory limitations, which may prevent, hinder, or delay necessary action in coping with a disaster or recovery therefrom whenever (1) a request has been made pursuant to subdivision seven of this section, or (2) whenever the governor has declared a state disaster emergency pursuant to section twenty-eight of this article. Suspension of any local law, ordinance or regulation pursuant to this paragraph shall be subject to the following standards and limits:

> (i) no suspension shall be made for a period in excess of five days, provided, however, that upon reconsideration of all the relevant facts and circumstances, a suspension may be extended for additional periods not to exceed five days each during the pendency of the state of emergency;
>
> (ii) no suspension shall be made which does not safeguard the health and welfare of the public and which is not reasonably necessary to the disaster effort;
>
> (iii) any such suspension order shall specify the local law, ordinance or regulation, or part thereof suspended and the terms and conditions of the suspension;
>
> (iv) the order may provide for such suspension only under particular circumstances, and may provide for the alteration or modification of the requirements of such local law, ordinance or regulation suspended, and may include other terms and conditions;
>
> (v) any such suspension order shall provide for the minimum deviation from the requirements of the local law, ordinance or regulation suspended consistent with the disaster action deemed necessary; and