

GEORGIA M. PESTANA
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

KERRI A. DEVINE
JASMINE PAUL
phone: (646)629-3118
fax: (212)356-2019
email: kdevine@law.nyc.gov

November 10, 2021

**By ECF**
Honorable Brian M. Cogan
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Dixon et al. v. de Blasio et al., 21-cv-5090

Your Honor:

This office represents defendants, Mayor Bill de Blasio, in his official capacity as Mayor of the City of New York and the City of New York ("City"), in the above-referenced matter. We write in accordance with Rule III (A)(2) of Your Honor's Individual Practices to seek a pre-motion conference with respect to the City defendants' anticipated motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) premised on plaintiffs' failure to sufficiently plead that their constitutional rights have been violated as a result of the emergency executive order setting forth "Key to NYC," which requires certain individuals to show proof of vaccination prior to entering certain recreational establishments. This Court previously denied plaintiffs' motion to preliminarily enjoin the enforcement of Key to NYC. Dixon v. De Blasio, 2021 U.S. Dist. LEXIS 196287 *11 (E.D.N.Y. Oct. 12, 2021).

Plaintiffs fail to adequately plead that Key to NYC violates their right to equal protection of the law. To sufficiently plead that a race neutral law violates the Equal Protection Clause of the Fourteenth Amendment, a plaintiff cannot solely rely on the fact that the law has a racially disproportional impact, but that the impact is traced to the intent to discriminate on the basis of race. Pers. Adm'r of Mass. v. Feeney, 442 U.S. 256, 260 (1979), citing Washington v. Davis, 426 U.S. 229, 238-44 (1976). Plaintiffs concede that the Key to NYC Program is facially neutral and argue solely that it "will disparately impact the rights and lives of African-Americans and Hispanics…." See Complaint ¶¶ 150-51. Thus, to set forth a claim of intentional discrimination based on race, Plaintiffs must sufficiently allege discriminatory animus on the part of defendants in the issuance of the Key to NYC Program, which they fail to do. Dixon, 2021 U.S. Dist. LEXIS 196287 *11. As plaintiffs have failed to adequately plead that Key to NYC interferes with a fundamental right or discriminates against a suspect class, it is subject to rational basis review. Id. at *8. Plaintiffs fail to sufficiently allege that the Key to NYC Program

lacks a rational basis. The rational basis for the Key to NYC program is expressly stated on the executive orders. Executive Order 225 states that its purpose is to encourage more City residents to get vaccinated because the leading health experts have indicated that the most effective tool to mitigate the spread of COVID-19 and protect against severe illness is through vaccination.

Further, plaintiffs' failure to identify "prima facie identical" businesses or businesses that have an "extremely high" degree of similarity to their businesses that have been treated differently is also fatal to their equal protection claim. Progressive Credit Union v. City of New York, 889 F.3d 40, 49 (2d Cir. 2018). Plaintiffs generally allege that they are treated differently than other similarly situated businesses particularly hotels, banks, and residential high rise buildings insofar as Key to NYC does not apply to those entities. The Complaint is devoid, however, of any meaningful discussion as to how plaintiffs bear a reasonably close resemblance to hotels, banks, residential high rise buildings or any other business not covered by the executive orders. Panzella v. City of Newburgh, 231 F. Supp. 3d 1,9-10 (S.D.N.Y. 2017)see also MacPherson v. Town of Southampton, 738 F. Supp. 2d 353, 371 (E.D.N.Y. 2010).

Further, plaintiffs fail to sufficiently plead a takings claim. Plaintiffs summarily allege that the Key to NYC renders unviable the beneficial use of their properties and impinges on their ability to operate their businesses and their reasonable investment expectations, which amounts to a non-categorical regulatory taking of their businesses and properties. Complaint at ¶¶ 192-3, 202. This claim, however, is unsupported by any factual allegations and must be dismissed. Heidel v. Hochul, 2021 U.S. Dist. LEXIS 203572, *23 (S.D.N.Y. Oct. 21, 2021)("The allegation that a plaintiff has been deprived of an economically viable, beneficial or productive use of real property is a legal conclusion that must be supported by allegations of fact.") Moreover, any interference with business operations due to Key to NYC is temporary and merely an adjustment of "the benefits and burdens of economic life to promote the common good," not a takings. Our Wicked Lady LLC v. Cuomo, 2021 U.S. Dist. LEXIS 44505, *16 (S.D.N.Y. March 9, 2021).

Plaintiffs' substantive due process claims premised on a right to bodily integrity, a right to pursue a chosen profession and freedom to raise one's children, must be dismissed due to plaintiffs' failure to identify a fundamental right that has been infringed upon as the result of Key to NYC. Key to NYC does not force anyone to get vaccinated, but instead leaves the choice of whether to get vaccinated to the individual. Thus, Key to NYC does not interfere with a right to bodily integrity. Similarly, Key to NYC provides parents with a choice of whether or not to get their children vaccinated, and thus does not interfere with plaintiffs' right to raise their children. Additionally, as Key to NYC does not completely prohibit plaintiffs from conducting their businesses, it does not infringe upon a fundamental right to pursue a chosen profession. Dixon, 2021 U.S. Dist. LEXIS 196287 at *24-25. In any event, there is no fundamental right to refuse a vaccine. See Jacobson v. Massachusetts, 197 U.S. 11 (1905), We the Patriots USA, Inc. v. Hochul, 2021 U.S. App. LEXIS 32880, *51, Phillips v. City of New York, 775 F.3d 538, 542 (2d Cir. 2015), Dixon at 19-20. (2d Cir. 2015).

Moreover, any substantive due process claim fails as the Complaint fails to sufficiently plead that Key to NYC, which was issued to protect the health of City residents during an unprecedented global pandemic, shocks the conscience. Hopkins Hawley, LLC v. Cuomo, 518 F. Supp. 3d 705, 715 (S.D.N.Y. 2021); Page v. Cuomo, 478 F. Supp. 3d 355, 371(N.D.N.Y. 2020). Further, as plaintiffs have failed to identify a fundamental right of which they have been deprived, Key to NYC is subject to rational basis review, a standard which it

easily satisfies. See Dixon, 2021 U.S. Dist. LEXIS 196287 at *20-21 ("Due to the widely recognized individual dangers of contracting COVID-19 and being unvaccinated, as well as the public health risks tied to overwhelming the hospital system, [Key to NYC is] rationally related to a legitimate City interest….")

Plaintiffs' freedom of assembly claim also lacks merit. Key to NYC, which is clearly a content-neutral, time, place and manner restriction, does not limit the ability of unvaccinated individuals to associate with vaccinated or unvaccinated individuals. Dixon, 2021 U.S. Dist. LEXIS 196287 at *22. As plaintiffs' Freedom of Assembly claim is not predicated on a right to assemble for an expressive purpose, it must be dismissed. Social associations—i.e., plaintiffs' desire to run a restaurant and converse with patrons—"do not come within the ambit of First Amendment protection." Hopkins Hawley, 518 F. Supp. 3d at 716; SH3 Health Consulting, LLC v. Page, 459 F. Supp. 3d 1212, 1225 (E.D.M.O. 2020).

Plaintiffs' freedom of religion claim is similarly faulty. Key to NYC does not require those who object to being vaccinated based on religious reasons to be vaccinated. Indeed, plaintiffs concede that Key to NYC is "facially neutral" in its wording and "facially of general applicability" and do not allege that it was intended to target certain religions or religious practices. Compl. at ¶ 150. Accordingly, it is subject to rational basis review, which it satisfies. Dixon, 2021 U.S. Dist. LEXIS 196287 at *18.

Plaintiffs fail to sufficiently plead that the Mayor lacks authority to issue the executive orders that created the Key to NYC Program. In any event, as this Court stated previously, there is sufficient legal support for the Mayor's authority to issue the executive orders. New York State Executive Law § 24 authorizes the Mayor to proclaim a local state of emergency, in the event of a disaster such as an epidemic, and upon a finding by the Mayor that the public safety is imperiled by such public emergency. "During this state of emergency, the [Mayor] may promulgate local emergency orders that regulate and close 'places of amusement and assembly'…." Dixon, 2021 U.S. Dist. LEXIS 196287 *32.

Further, plaintiffs' claim under the Privileges and Immunities clause of the Fourteenth Amendment also fails. The ability to engage in a particular livelihood or the ability to take part in indoor recreation and dining are not rights granted under the Constitution and accordingly, not protected under the Privileges and Immunities clause.

Finally, plaintiffs' Thirteenth Amendment claim also fails. The prohibition against involuntary servitude does not prevent the State or Federal Governments from compelling their citizens, by threat of criminal sanction, to perform certain civic duties – such as providing proof of vaccination before participating in certain recreational activities in the City.

Thank you for Your Honor's consideration of this request.

Respectfully submitted,
/s/
Kerri A. Devine and Jasmine Paul
Assistant Corporation Counsels