UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHAW-NAE DIXON, THOMAS CASATELLI, JEANETTE RIVERA, NATALIA YAKUBOVA, CHRIS KING, ALISON MARCHESE, on behalf of AM, JM, and MMV (her minor children), WILLIAM MORRIS, GEORGE KABBEZ, SHAW-NAE'S HOUSE, LLC, SALTY DOG RESTAURANT, LTD, PER TAVERN CORP. d/b/a THE KETTLE BLACK, CARGOSTORK PARTIES, INC. d/b/a DO ME A FAVOR, and INDEPENDENT RESTAURANT OWNERS ASSOCIATION RESCUE, INC.,

Plaintiffs,

v.

ERIC ADAMS, in his official capacity as Mayor of the City of New York and as successor to Bill de Blasio, and THE CITY OF NEW YORK,

Defendants.

**Civil Action No. 21-CV-5090 (BMC)**

---

**REPLY IN OPPOSITION OF THE ORDER TO SHOW CAUSE ON BEHALF OF THE PLAINTIFFS SHAW-NAE DIXON, THOMAS CASTELLI, JEANETTE RIVERA, NATLIA YAKUBOVA, CHRIS KING, ALISON MARCHESE, ON BEHALF OF HER MINOR CHILDREN, WILLIAM MORRIS, GEORGE KABBEZ, MARY JOSEPHINE GENEROSOS, SHAW-NAE'S HOUSE, LLC, SALTY DOG RESTAURANT, LTD., PER TAVERN CORP. D/B/A THE KETTLE BLACK, CARGOSTORK PARTIES, INC., D/B/A/ DO ME A FAVOR, AND INDEPENDENT RESTAURANT OWNERS ASSOCIATION RESCUE, INC.**

---

Ronald A. Berutti
Murray-Nolan Berutti LLC
8707 Colonial Road
Brooklyn, New York 11208
Phone: 212-575-8500
ron@murray-nolanberutti.com

## TABLE OF CONTENTS

**Page**

**Contents**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................... ii

STATEMENT OF CASE ................................................................................................................ 1

LEGAL ARGUMENT .................................................................................................................... 3

POINT I- THE COMPLAINT IS NOT MOOT. ............................................................................. 3

POINT II- EVEN IF THE COMPLAINT WAS MOTT, THE PROPOSED AMENDED COMPLAINT WOULD CREATE A CASE AND CONTROVERSY ........................................... 4

CONCLUSION ............................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009). .............................................................. 4

*Int'l Techs. Mktg. v. Verint Sys.*, 850 Fed. Appx. 38, 43
   (2d Cir. 2021)................................................................................................................................ 4

*Stokes v. Wurtsboro*, 818 F.2d 4 (2d Cir. 1987)............................................................................ 3

**Statutes**

42 U.S.C. §1983 ......................................................................................................................... 1, 3

## STATEMENT OF CASE

On March 28, 2022, the Second Circuit Court of Appeals dismissed the plaintiffs' appeal from this Court's denial of a preliminary injunction seeking relief from Mayor de Blasio's Emergency Executive Orders ("EEOs") as being moot. Very shortly after the plaintiff filed their reply brief, new Mayor Eric Adams ("Mayor") announced that the 'vaccine passport' for restaurants and gyms would be terminated. Thus, defendants then moved to dismiss on the appeal on grounds that the issues set forth in the Complaint (Berutti Declaration, Ex. A) are moot. In response, the plaintiffs noted that the issues still were capable of repetition and pointed out that New York baseball teams were going to have to have their unvaccinated ballplayers sit out games in New York, because a different Emergency Executive Order ("EEO 361") required all City employees to be vaccinated at work. About two days later, the Mayor announced that ballplayers on sports teams would be exempted from such EEO, as adopted by Mayor Adams in his EEO 1. The Second Circuit then dismissed the appeal as being moot.

The Complaint seeks relief beyond just injunctive relief. The plaintiffs are restaurants and gyms which claimed they would be damaged by defendants' illegal and unconstitutional acts. Thus, they have sought an award of damages pursuant to 42 U.S.C. § 1983. While the injunctive relief sought (although capable of repetition) may have been mooted by the Mayor's Executive Orders coming right on the heels

1

of the plaintiffs' filings in the Second Circuit, they certainly did not moot the damages claims which were raised. Likewise, a claim was made that the subject EEOs violated the Privileges and Immunities Clause of the Fourteenth Amendment of the Constitution. Such claim was unaffected by the appeal.

Moreover, in keeping with this Court's Order of April 6, 2022, a draft Amended Complaint has been forwarded to defendants' attorney and seeks consent to file same. (Berutti Declaration, Ex. B). The proposed Amended Complaint challenges EEO 361, as well as Mayor Adams' EEOs 1, 62, and 71, as well as any and all EEOs that may be promulgated pursuant to the original state of emergency declared in EEO 98 in May 2020. Such EEOs continue in full force and effect, to the extent that professional athletes have not been exempted. EEO 361 affected the plaintiffs' employees and, through them, the plaintiffs' businesses. Unvaccinated workers may not work in City establishments per such EEO. The objections to same including, but not limited to, arguments that the EEO and its progeny are preempted by federal statute, that it is *ultra vires* as being unauthorized under state and local law, and that they are unconstitutional, all may still be enjoined. The fact is that defendants are continuing to enforce such rules because nobody has challenged them, as the plaintiffs did the prior EEOs. The plaintiffs are harmed by such post-Complaint EEOs and, not that the appeal has been dismissed, has moved to amend their Complaint to address them as well. Assuming, *arguendo*, that such

amendments are permitted by this Court, it may well be appropriate for them to be enjoined.

Under the circumstances, the Complaint is not moot and, should the Amended Complaint be granted, injunctive relief still may be appropriate.

## LEGAL ARGUMENT

### POINT I

### THE COMPLAINT IS NOT MOOT.

The plaintiffs continue seeking economic damages for the harm caused by defendants' alleged violations of their civil rights, in keeping with § 1983. Moreover, the plaintiffs' Privileges and Immunities Clause claim was unaffected by the appellate determination.

*Stokes v. Wurtsboro*, 818 F.2d 4 (2d Cir. 1987), presented circumstances similar to the present case. There, the plaintiff's injunctive relief claims had become moot. Despite the plaintiff also have made claims seeking damages under § 1983, the district court dismissed the entire action. The Second Circuit affirmed the dismissal of the injunctive claims, because no case or controversy existed, yet reversed with respect to the § 1983 damages claims.

Under the circumstances here presented, the same can be said for the plaintiffs. They continue to maintain damages claims pursuant to § 1983. Moreover, their equitable relief claim with respect to their Privileges and Immunities claim was

3

not decided. Thus, while this Court may not have authority to grant such relief, the Complaint in such regard is not moot—which is the question before the Court. The plaintiff should have a better opportunity to flesh out such claim on a motion to dismiss for failure to state a claim, should this Court be inclined to dismiss such claim. It certainly is not a moot claim, however.

Under the circumstances, the Complaint should not be dismissed as being moot.

## POINT II

### EVEN IF THE COMPLAINT WAS MOOT, THE PROPOSED AMENDED COMPLAINT WOULD CREATE A CASE AND CONTROVERSY.

"[A] party's motion to amend its complaint is governed by the liberal standard supplied by Federal Rule of Civil Procedure 15, which states that 'a court should freely give leave to amend when justice so requires.'" *Int'l Techs. Mktg. v. Verint Sys.*, 850 Fed. Appx. 38, 43 (2d Cir. 2021) (quoting *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (internal alterations omitted) (quoting Fed. R. Civ. P. 15(a)(2)).

The plaintiffs have moved the Court to permit amendment of the Complaint. Among other relief, the plaintiffs seek declarations that the EEOs violated federal statute, and were unauthorized by state statute. It likewise highlights how the EEOs were unauthorized by state law and, thus, are *ultra vires* and void. Finally, it challenges EEOs promulgated subsequent to the Complaint being filed, which

4

remain in full force and effect, unlike those that were the subject of the original Complaint. The new EEOs likewise damage the plaintiffs, and injunction of same remains a viable potential remedy.

Under the circumstances, to dismiss the Complaint as being moot would simply open the door to a motion to reinstate with the Amended Complaint, which would not be moot. Under the liberal pleading standard in question, there should be no prohibition on permitting the Amended Complaint. Thus, the Complaint should not be dismissed as moot, since any such relief would be premature in light of the procedural posture of this matter.

## CONCLUSION

For the foregoing reasons, defendants' Complaint is not moot and should not be dismissed.

Respectfully yours,

**MURRAY-NOLAN BERUTTI LLC**

By: *Ronald A. Berutti*
    Ronald A. Berutti

Dated: April 11, 2022