UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHAW-NAE DIXON, THOMAS CASATELLI, JEANETTE RIVERA, NATALIA YAKUBOVA, CHRIS KING, ALISON MARCHESE, on behalf of AM, JM, and MMV (her minor children), WILLIAM MORRIS, GEORGE KABBEZ, SHAW-NAE'S HOUSE, LLC, SALTY DOG RESTAURANT, LTD, PER TAVERN CORP. d/b/a THE KETTLE BLACK, CARGOSTORK PARTIES, INC. d/b/a DO ME A FAVOR, and INDEPENDENT RESTAURANT OWNERS ASSOCIATION RESCUE, INC.,

Plaintiffs,

v.

ERIC ADAMS, in his official capacity as Mayor of the City of New York and as successor to Bill de Blasio, and THE CITY OF NEW YORK,

Defendants.

Civil Action No. 21-CV-5090 (BMC)

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION SEEKING LEAVE TO FILE AMENDED COMPLAINT**

---

**MURRAY-NOLAN BERUTTI LLC**
100 E. Hanover Avenue, Suite 401
Cedar Knolls, New Jersey 07927
Phone: 908-588-2111
ron@murray-nolanberutti.com
Attorney for Plaintiffs

On the Brief:
Ronald A. Berutti – N.J. Atty ID No. 023361992

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| PROCEDURAL HISTORY/STATEMENT OF THE CASE | 1 |
| LEGAL ARGUMENT | 3 |
| POINT I - THE MOTION TO AMEND SHOULD BE GRANTED | 3 |
| CONCLUSION | 5 |

## TABLE OF AUTHORITIES

Page

**Cases**

*Jacobson v. Cambridge*, 197 U.S. 11, 39 (1905) ............................................................................ 4

*Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002) ......................................................... 3

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) .................................................................................................................................. 3

*Riggins v. Nevada*, 504 U.S. 127 (1992) (Doc. 61 pp. 23-25; Doc. 88, pp. 18-20) ............................................................................................................................ 4

**Statutes**

21 U.S.C. § 360bbb .................................................................................................................... 1

## PROCEDURAL HISTORY/STATEMENT OF THE CASE

An Order to Show Cause seeking temporary restraints and a preliminary injunction, together with the Verified Complaint, was filed September 13, 2021, which is the day that former Mayor deBlasio's 'vaccine passport' mandate for restaurants, gyms, and entertainment venues, took effect. Opposition was not filed until October 6, 2021, after which oral argument was held. On October 12, 2021, this Court found irreparable harm to exist, but denied the preliminary injunction.

Just prior to oral argument, evidence was developed by the plaintiffs which suggested that none of the available vaccines which were designed to prevent the transmission and infection with the Sars-Cov-2 virus, which sometimes causes the disease COVID-19, was fully approved by the U.S. Food and Drug Administration ("FDA"). Rather, all three then-available vaccines were only approved under the Emergency Use Authority ("EUA") scheme of 21 U.S.C. § 360bbb (the "Statute"), which required informed consent and which prevented coercion of individuals choosing not to receive such EUA vaccine. Further, evidence was developed that none of the subject EUA vaccines, based on their own Phase III studies, provided an Actual Risk Reduction of as high as 2%, meaning that fewer than 2% (in Pfizer's case, fewer than 1%) of those who received vaccine injections in their respective studies saw an actual benefit to receiving the vaccine. Finally, the plaintiffs presented evidence that the subject vaccines are incapable of providing for herd immunity, and that they cannot immunize individuals against transmission based on the basics of immunology. Although such issues were briefed in the plaintiffs' reply prior to oral argument, they were not fully formed, and the reply brief itself was not filed until the day of oral argument.

Information continued coming available to the plaintiffs once they filed a Notice of Appeal. Such issues included (1) that the Mayor had no legal authority to promulgate the Emergency

Executive Order ("EEO") in question; (2) that the 'fully approved' vaccines of Pfizer, and then of Moderna (Comirnaty and Spikevax, respectively) are not available in the United States such that all vaccines are legally distinct and EUA labeled; (3) that the Mayor's own health advisor/expert, Dr. Jay Varma, admitted that there was no longer a COVID emergency, but rather, only a "public health concern" when the EEO was promulgated; (4) that the virus continued to spread to the vaccinated and that the vaccinated still could spread the virus. Despite same, the plaintiff businesses were being economically harmed with respect to the financial impact that the EEOs had on them, and also were irreparably harmed in the loss of their constitutional rights.

The plaintiffs were repeatedly opposed by the Mayor and City in their efforts to expedite the appeal. On February 16, 2022, the matter finally was fully briefed, and included supplemental appendices which contained much newly developed information. However, in plaintiffs' view (as noted in their Reply Brief), the Mayor's total lack of legal authority, and the preemption of this actions by the Statute, were critical new and now fully-developed arguments supporting the injunctive relief being sought. Thus, it came as little surprise that day after the reply brief was filed, the Mayor and City abruptly terminated the "vaccine passport" requirements which affected the plaintiffs, and moved to dismiss the appeal since the injunctive relief issue was moot, they claimed. Indeed, they claimed that the issue likely would not repeat itself. Yet in opposition, the plaintiffs noted that the same issue still existed, since reports were that New York baseball team players who were not fully vaccinated would be unable to play at home. The issues were the same. Lo and behold, just days later, the Mayor made a special carve-out for ballplayers, and the appeal was dismissed as being moot. However, the Order of this Court denying the injunctive relief was vacated.

The plaintiffs now seek leave to amend the Complaint so that their updated information and arguments can be more fully detailed so that both monetary and equitable relief can be sought. The plaintiffs have also abandoned certain of their causes of action which through passage of time seem to be less viable. Among the new claims is that the Mayor lacked authority for the damage-causing EEOs, and that the EEOs (as are their progeny) pre-empted by the Statute such that they should be declared void *ab initio*.

The issues involved are of the utmost public importance and should be permitted to proceed so that a full record can be developed. Indeed, a new study supports that vaccines may interfere with the ability of individuals to become immune to the virus, which is a hallmark of the plaintiffs' new claims. *See* https://www.medrxiv.org/content/10.1101/2022.04.18.22271936v1. Thus, the plaintiffs should be permitted to amend their complaint and to bring their important claims so that the relief sought, including money damages, may be fully considered.

## LEGAL ARGUMENT

### POINT I
### THE MOTION TO AMEND SHOULD BE GRANTED.

A motion to amend a complaint is governed by *Fed.R.Civ.P.* 15(a). "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* "However, '[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion.'" *Id.* (quoting *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002)).

Here, the plaintiffs have moved with haste in seeking to amend their complaint. When filing the original complaint, the pertinent facts were not fully formed with respect to the Mayor's complete lack of authority to promulgate and enforce the EEOs, federal preemption, the vaccines' impotence and ineffectiveness, and the potential actual harm that the vaccines are causing.

As can be seen both former EEOs and prospective future EEOs derived from the same legally flawed theories of Mayoral authority are the subject of the proposed Amended Complaint (¶ 1). Preemption is specifically pled, including within the declaratory relief (¶¶ 2, 77-78, 220). Similarly, the lack of FDA approved vaccines and the ineffectiveness of the EUA vaccines is specified (¶¶ 4, 42-46, 69, 75), and the Mayor's lack of legal authority to promulgate and enforce the EEOs, or any progeny that may come after, also are specifically pled in the proposed Amended Complaint, including still-existing EEOs which are based on the same lack of legal authority, such that the issues not only are capable of repetition, but rather, they still exist despite there admittedly being no ongoing health emergency (¶¶ 3,7, 39, 228). Money damages are more specifically pled (¶ 5, 159), and alleged flaws with the constitutional theories have been addressed (e.g. ¶ 154, 185). Further, constitutional theories which were less likely to succeed have been eliminated.

The plaintiffs' existing constitutional theories have been well documented in the Brief in Support of Appeal (Doc. 61), and the Reply Brief (Doc. 88). For instance, and without limitation, the Mayor purposely discriminated against African-Americans, including plaintiff Shaw-Nae Dixon, such that the burden must shift to them to support the EEOs, per the First Count (Doc. 61, pp. 21-23; Doc. 88, pp. 15-17); the EEOs failed to consider the individual bodily integrity of each person being coerced into becoming vaccinated, in violation of the principles set forth in *Jacobson v. Cambridge*, 197 U.S. 11, 39 (1905), and *Riggins v. Nevada*, 504 U.S. 127 (1992) (Doc. 61 pp. 23-25; Doc. 88, pp. 18-20); the lack of a religious exemption—especially where the Mayor

suddenly has carved out special exemptions for baseball players in parallel EEOs as set forth in the proposed Amended Complaint—states a cause (Doc. 61, pp 20-21; Doc. 88, pp. 17-18); and the Sixth Count asserting a claim for Indentured Servitude in violation of the Thirteenth Amendment has been more fully borne out to express the coercive nature of the EEOs, and the economic damages caused by the same (Prop. Amd. Cplt. ¶¶ 182-192). Indeed, careful review of the proposed Amended Complaint, when taken in a light most favorable to the plaintiffs, shows the existence of viable causes of action, which is accompanied by a significant Declaratory Judgment claim which attacks the fundamental underpinnings of the EEOs from the moment of their inception, such that the Motion to Amend must be granted.

## CONCLUSION

For all of the foregoing reasons, leave should be granted to the plaintiffs, pursuant to *Fed. R. Civ. P.* 15(a), to file their proposed Amended Complaint.

Respectfully submitted,

MURRAY-NOLAN BERUTTI LLC

By: */s/ Ronald A. Berutti*
Ronald A. Berutti

Dated: May 25, 2022

5