# MURRAY-NOLAN BERUTTI LLC
*Attorneys at Law*
100 E. Hanover Avenue
Suite 401
Cedar Knolls, New Jersey 07927
(908)588-2111

**New York Location:**
8707 Colonial Road, Brooklyn, New York 11208
(212) 575-8500
*(Please Reply to N.J. Location)*

| | |
|---|---|
| Gwyneth K. Murray-Nolan, Esq. | Ronald A. Berutti, Esq. |
| *Admitted in: N.J., N.Y., D.C.* | *Admitted in: N.J., N.Y., KY.* |
| Gwyneth@Murray-NolanBerutti.com | Ron@Murray-NolanBerutti.com |

May 25, 2022

<u>Via ECF</u>

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **Shaw-Nae Dixon, et al. v. Bill DeBlasio, et al.**
              **Civil Action No. 1:21-cv-05090-BMC**
              **Our File No. 01016**

Dear Judge Cogan:

      Please accept this letter in lieu of a more formal brief in opposition to the defendants' motion to dismiss, filed informally on November 10, 2021. We rely on the pending Motion Seeking Leave to Amend the Complaint, also filed today in opposition hereto, and incorporate it herein by reference. If the motion is granted, then the motion to dismiss the Complaint is moot. We also respectfully refer the Court to the appellate briefs we filed (Docs. 61 and 88) and the arguments made therein, and incorporate them by reference.

      With regard to specific opposition to the arguments made in the motion, we note first that to survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.; Shabazz v. Bezio*, 511 F. App'x 28, 29-30 (2d Cir. 2013).

Honorable Brian M. Cogan                                                                           May 25, 2022
                                                                                                   Page 2

that the race discrimination claim is well-pled. The plaintiffs have specified that the defendants purposely discriminated against and targeted African-Americans and minorities when promulgating the EEOs (Cplt. ¶¶ 44-52). Thus, under *Washington v. Davis*, 426 U.S. 229, 241-2 (1976), the burden shifts and race discrimination has been properly pled.

Concerning their equal protection claim, the plaintiffs have pled that similar types of establishments were treated differently than the plaintiff businesses. Defendants asserts that a broader discussion is required "as to how plaintiffs bear a reasonably close resemblance to hotels, banks, residential high rise buildings or any other business not covered by the executive orders." (Letter Brief p.2). But no such specificity of pleading is required. Evidence certainly can be garnered following the initial pleading to develop such facts further. Moreover, such facts are more detailed in the proposed Amended Complaint, which would act as a cure to the alleged deficiency which, plaintiffs asserts, does not exist.

The plaintiffs have abandoned their takings claim in the proposed Amended Complaint.

The right to bodily integrity and of parental rights is addressed in no less important decision than *Jacobson v. Cambridge,* 197 U.S. 11, 39 (1905), which noted that a city's right to impose a vaccination requirement was not an "absolute rule that an adult must be vaccinated if it be apparent or can be shown with reasonable certainty that he is not at the time a fit subject of vaccination, or that vaccination, by reason of his then condition, would seriously impair his health, or probably cause his death." See also *Washington v. Harper,* 494 U.S. 210, 229 (1990) ("The forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty" requiring an important and legitimate state interest); Cruzan v. Dir., Mo. Dep't of Health*,* 497 U.S. 261, 269 (1990) ("This notion of bodily integrity has been embodied in the requirement that informed consent is generally required for medical treatment," but state also has interest in life and informed consent).  The one size fits all EEOs, then, are correctly alleged to violate the bodily integrity rights of the plaintiffs. Moreover, as detailed in the proposed Amended Complaint, not only is there a fundamental right to refuse a vaccine based on potential health consequences, but with respect to the subject Emergency Use Authority vaccines, there is a statutory rights as well. See 21 U.S.C. § 360bbb (absolute informed consent right to refuse EUA vaccine).

Defendants' claim that the 'Key to NYC' "was issued to protect the health of City residents during an unprecedented global pandemic" was belied by the Declaration of Jay Varma, M.D., on which defendants relied in opposition to the plaintiff's application for a preliminary injunction. Dr. Varma specified that that emergency was over when the EEO was promulgated, and instead, that COVID was merely a "public health concern."  So too are many other things including, but not limited to homelessness, flu, obesity etc. Public health concerns to do not provide a right for the Mayor to enact sweeping Emergency Executive Orders without any legislative authority behind them, which alter the lives of millions of New Yorkers and others, all in a bid to coerce them into becoming 'vaccinated' with an EUA vaccine.

Plaintiffs have abandoned the freedom of assembly claim and do not respond thereto.

The freedom of religion claim absolutely is well pled. Defendants carved out exceptions for entertainers and athletes within the EEOs—which are secular, economic considerations—but

Honorable Brian M. Cogan  May 25, 2022
Page 3

did not provide an avenue to obtain a religious exemption, in violation of the First and Fourteenth Amendments. See *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S.Ct. 63, 69 (2020) (Gorsuch, J. concurring) ("Government is not free to disregard the First Amendment in times of crisis. At a minimum, that amendment prohibits government officials from treating religious exercises worse than comparable secular activities, unless they are pursuing a compelling interest and using the least restrictive means.").

Without citation, defendants assert that the plaintiffs did not sufficiently plead the Mayor's lack of authority to promulgate the EEOs—an issue which is treated with much greater depth in the proposed Amended Complaint. However, in their reply appellate brief, the plaintiffs led with the issue that by their own admissions, defendants did not have authority to promulgate the EEOs since there was no statewide state of emergency in effect at the time, and the City did not permit an EEO without such authority on grounds of there being a purported pandemic. See Doc. 88, pp. 5- 9; Cplt. ¶¶ 215-222).

Defendants misinterpret and misunderstand the plaintiffs' Fourteenth Amendment Privileges and Immunities Clause argument, which is that the Supreme Court must revisit *The Slaughter-House Cases*, 83 U.S. (16 Wall) 36 (1872), to place guardrails on the state and local powers that have been taken by, in this instance, defendants under the guise of unlimited pandemic powers. See Cplt. ¶¶ 223-235.

Finally, the plaintiffs' Thirteenth Amendment claim was properly stated given the coercive nature of the EEOs which compelled businesses and individuals therein to serve as unwilling enforcement officers for the Mayor, without compensation (Cplt. ¶¶ 175-184). See *U.S. v. Kozminski*, 487 U.S. 931, 942-43 (1988) ("The Amendment is self-executing without any ancillary legislation, so far as its terms are applicable to any existing state of circumstances." … "[I]n every case in which this Court has found a condition of involuntary servitude, the victim had no available choice but to work or be subject to legal sanction.").

Under the circumstances, should the Court determine it to be necessary to consider the motion to dismiss, the motion should be denied in its entirety

Respectfully yours,

MURRAY-NOLAN BERUTTI LLC

*Ronald A. Berutti*

By:_____
    Ronald A. Berutti

RAB:jm
cc:   Kerri Devine, Esq. (via ECF)