UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SHAW-NAE DIXON, THOMAS CASATELLI, JEANETTE RIVERA, NATALIA YUKUBOVA, CHRIS KING, ALISON MARCHESE, on behalf of AM, JM, and MMV (her minor children), WILLIAM MORRIS, GEORGE KABBEZ, MARY JOSEPHINE GENEROSO, SHAW NAE'S HOUSE, LLC, SALTY DOG RESTAURANT, LTD, PER TAVERN CORP. d/b/a THE KETTLE BLACK, CARGOSTORK PARTIES INC. d/b/a DO ME A FAVOR, and INDEPENDENT RESTAURANT OWNERS ASSOCIATION RESCUE, INC.,

21-cv-5090 (BMC)

          Plaintiffs,

  -against-

BILL DE BLASIO, in his official capacity as Mayor of New York City; and THE CITY OF NEW YORK,

          Defendants.

------------------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**

MICHELLE GOLDBERG-CAHN
KERRI A. DEVINE
JASMINE PAUL
   Of Counsel.

June 9, 2022

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

LEGAL STANDARD .............................................................................................................. 2

ARGUMENT

    PLAINTIFFS' MOTION TO AMEND THE COMPLAINT SHOULD BE DENIED AND THE COMPLAINT SHOULD BE DISMISSED. ................................................................... 2

        A.  Plaintiffs' Claims are Moot ............................................................ 2

        B.  The Complaint and Proposed Amended Complaint Fail to State a Claim. ............................................................................ 6

            Substantive Due Process ............................................................... 7

Bodily Integrity ........................................................................................................ 7

Religious Freedom ................................................................................................... 8

Parental Rights ......................................................................................................... 8

Right to Specific Private Employment ..................................................................... 8

            The Mayor's Authority to Issue the Relevant EEOs ..................... 8

            Privileges and Immunities ............................................................ 10

            Thirteenth Amendment – Indentured Servitude .......................... 10

            Preemption ................................................................................... 10

CONCLUSION ....................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**                                                                                                           **Pages**

Already, LLC v. Nike, Inc.,
    568 U.S. 85 (2013)..................................................................................................3

Arizonans for Off. Eng. v. Arizona,
    520 U.S. 43 (1997)..................................................................................................3

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)................................................................................................6

Campbell-Ewald Co. v. Gomez,
    577 U.S. 153 (2016)................................................................................................3

Carlone v. Lamont,
    2021 U.S. app. LEXIS 32440 (2d Cir. Nov. 1, 2021)............................................5

Dark Storm Indus. LLC v. Hochul,
    2021 U.S. App. LEXIS 29863 (2d Cir. Oct. 5, 2021)............................................5

Dixon v. DeBlasio,
    2022 U.S. App. LEXIS 8785 (2d Cir. Mar. 28, 2022)..................................1, 6, 7, 8, 10, 11

Dluhos v. Floating and Abandoned Vessel Known as "New York",
    162 F.3d 63 (2d Cir. 1998).......................................................................................2

Fed. Election Comm'n v. Wisc. Right to Life, Inc.,
    551 U.S. 449 (2007)................................................................................................4

Forman v. Davis,
    371 U.S. 178 (1962)................................................................................................2

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,
    528 U.S. 167 (2000)................................................................................................4

Johnson v. Brown,
    2021 U.S. Dist. LEXIS 200159
    (Dist. Of Oregon Oct. 18, 2021) ........................................................................11, 12

Kingdomware Techs., Inc. v. United States,
    136 S. Ct. 1969 (2016)............................................................................................4

Knox v. Serv. Emps. Int'l Union, Local 1000,
    567 U.S. 298 (2012)................................................................................................3

**Cases**                                                                                                                   **Pages**

Legaretta v. Macias,
    2022 U.S. Dist. LEXIS 82330
    (Dist. Of New Mexico May 6, 2022)..................................................................................11, 12

Lucente v. IBM,
    310 F.3d 243 (2d Cir. 2002)..............................................................................................2

Min Jin v. Metropolitan Life Ins. Co.,
    310 F.3d 84 (2d Cir. 2002)................................................................................................2

Murphy v. Hunt,
    455 U.S. 478 (1982)..........................................................................................................4

N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York,
    140 S. Ct. 1525 (2020) (per curiam) .................................................................................3

Newport v. Fact Concerts,
    453 U.S. 247 ....................................................................................................................5

Norris v. Stanley,
    2021 U.S. Dist. LEXIS 198388 (Oct. 8, 2021)...........................................................11, 12

NRA of Am. v. Hochul,
    2021 U.S. App. LEXIS 33909 (2d Cir. Nov. 16, 2021)....................................................5

Pleasant View Baptist Church v. Beshear,
    No. 20-6399, 2020 U.S. App. LEXIS 40077
    (6th Cir. Dec. 21, 2020) ....................................................................................................3

Reale v. Lamont,
    2022 U.S. App. LEXIS 1607 (2d Cir. Jan. 20, 2022) .......................................................4

Remauro v. Adams,
    2022 U.S. Dist. LEXIS 86999 (E.D.N.Y. May 13, 2022) .............................................4, 5

U.S. v. Kozminski,
    487 U.S. 931 (1988)........................................................................................................10

Washington v. Davis,
    426 U.S. 229 (1976)..........................................................................................................7

Wise v. Inslee,
    2022 U.S. Dist. LEXIS 76793
    (E.D. of Washington April 27, 2022) .........................................................................11, 12

| **Statutes** | **Pages** |
|---|---|
| 21 U.S.C. § 360bbb | 11 |
| 21 U.S.C. § 360bbb-3 | 12 |
| 21 U.S.C. § 360bbb-3(b)(1) | 11 |
| 21 U.S.C. § 360bbb-3(e)(1)(A) | 11 |
| 21 U.S.C. § 360bbb-3(e)(1)(A)(ii) | 11 |
| 42 U.S.C. § 1983 | 5 |
| Fed. R. Civ. P. 12(b) | 2 |
| Fed. R. Civ. P. 12(b)(6) | 1, 2 |
| Fed. R. Civ. P. 12(e) | 2 |
| Fed. R. Civ. P. 12(f) | 2 |
| Fed. R. Civ. P. 15(a) | 1 |
| Fed. R. Civ. P. 15(a)(2) | 2 |

Defendants,[1] by their attorney, HONORABLE SYLVIA O. HINDS-RADIX, Corporation Counsel of the City of New York, submit this memorandum of law in further support of defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and in opposition to plaintiffs' motion to amend the Complaint pursuant to Fed. R. Civ. P. 15(a).[2]

## PRELIMINARY STATEMENT

Defendants' motion to dismiss the Complaint should be granted and plaintiffs' motion to amend the Complaint should be denied. In their opposition to defendants' motion to dismiss the Complaint ("Opposition"), plaintiffs do not in any meaningful way address the arguments underlying defendants' motion to dismiss or this Court's decision denying plaintiffs' motion for a preliminary injunction and finding that plaintiffs were not likely to succeed on the merits of their claims. What's more, since the Court issued its decision denying plaintiffs' motion for a preliminary injunction, many of plaintiffs' claims have become moot as most requirements set forth in the challenged Emergency Executive Orders that comprise the Key to NYC Program, have expired. Indeed, the Second Circuit recently dismissed plaintiffs' appeal of this Court's denial of their motion for a preliminary injunction as moot. Dixon v. DeBlasio, 2022 U.S. App. LEXIS 8785 (2d Cir. Mar. 28, 2022). For the same reasons, plaintiffs' motion to amend the Complaint should be denied as amendment is futile; none of the proposed amendments cure any of the pleading deficiencies in the Complaint.

---

[1] As of January 1, 2022, Eric Adams is the Mayor of New York City.

[2] As per this Court's order issued May 12, 2022, defendants have addressed whether leave to amend the Complaint should be granted in their reply in further support of their motion to dismiss.

## LEGAL STANDARD

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served or 21 days after a responsive pleading or motion pursuant to Rule 12 (b), (e) or (f) is served, otherwise "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a)(2). Although, generally, leave to amend should be "freely give[n]…when justice so requires", Fed. R. Civ. P. 15(a)(2), "[n]onetheless, a motion to amend should be denied" if the amendment would be futile, cause undue delay, or cause undue prejudice. Dluhos v. Floating and Abandoned Vessel Known as "New York", 162 F.3d 63, 69 (2d Cir. 1998) (citations omitted); see also Forman v. Davis, 371 U.S. 178, 182 (1962); Min Jin v. Metropolitan Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002). In addition, "[a]n amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. IBM, 310 F.3d 243, 258 (2d Cir. 2002).

## ARGUMENT

### PLAINTIFFS' MOTION TO AMEND THE COMPLAINT SHOULD BE DENIED AND THE COMPLAINT SHOULD BE DISMISSED

**A.  Plaintiffs' Claims are Moot**

While the Key to NYC program set forth in Emergency Executive Orders ("EEO") such as EEO 225 and 250 originally required patrons to provide proof of vaccination to enter a covered indoor recreation/entertainment establishment, that requirement expired on March 7, 2022 pursuant to EEO 50. See Declaration of Kerri A. Devine, dated June 9, 2022 ("Devine Dec.") at Exhibit A. The only remaining Key to NYC requirement is that covered entities must continue to require proof of vaccination from covered workers and maintain records of the same. Several of the plaintiffs base their claims solely on the now expired portion of Key to NYC applicable to patrons; plaintiffs Jeanette Rivera's and Natalia Yakubova's claims are premised on their inability

2

to patronize covered establishments due to their unvaccinated status and plaintiff Alison Marchese's claims brought on behalf of her minor children are similarly premised on the inability of her minor children to enter covered establishments due to their unvaccinated status. Compl. at ¶¶ 97-102; 103-108; 115-123. Their claims are consequently moot as is the entire action to the extent it seeks to enjoin enforcement of the expired portions of Key to NYC.

Mootness is a jurisdictional doctrine that ensures federal courts are only deciding live cases or controversies. See Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 160 (2016). Mootness is "standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Arizonans for Off. Eng. v. Arizona, 520 U.S. 43, 67 (1997). A matter is moot "when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party." Knox v. Serv. Emps. Int'l Union, Local 1000, 567 U.S. 298, 307 (2012) (quotations omitted).

Once a law is off the books and replaced with a "new rule" that does not injure the plaintiff, a case becomes moot, "leaving us with an absence of jurisdiction to adjudicate the case." Pleasant View Baptist Church v. Beshear, No. 20-6399, 2020 U.S. App. LEXIS 40077, at *5 (6th Cir. Dec. 21, 2020) (internal citations omitted); see also, N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York, 140 S. Ct. 1525, 1526 (2020) (per curiam) (holding that a claim for injunctive relief against a law was moot when the law was amended to give "the precise relief that [the plaintiffs] requested").

There are exceptions to the mootness doctrine. "[A] defendant cannot automatically moot a case simply by ending its [allegedly] unlawful conduct once sued." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013). Therefore, a defendant claiming that its voluntary compliance moots a case bears the burden of showing that it is clear the allegedly wrongful

3

behavior could not "reasonably be expected to recur" and is not one "capable of repetition yet evading review." Fed. Election Comm'n v. Wisc. Right to Life, Inc., 551 U.S. 449, 462 (2007); Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 190 (2000). A law is "capable of repetition yet evading review" when: (1) "the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration," and (2) "there [is] reasonable expectation that the [plaintiffs] [will] be subject to the same action again." Kingdomware Techs., Inc. v. United States, 136 S. Ct. 1969, 1976 (2016) (instructing that this "exception applies only in exceptional situations" (internal quotations omitted)). A reasonable expectation means more than "a mere physical or theoretical possibility" that Plaintiffs will be subject to the same action. Murphy v. Hunt, 455 U.S. 478, 482 (1982). Otherwise, "virtually any matter of short duration would be reviewable." Id. Rather, Plaintiffs must evidence a "demonstrated probability that the same controversy will recur involving the same complaining party." Id. (internal quotations omitted).

The exceptions to the mootness doctrine are not applicable here. Indeed, the federal court in Remauro v. Adams, 2022 U.S. Dist. LEXIS 86999, *8-13 (E.D.N.Y. May 13, 2022) recently addressed this precise issue and held that claims challenging the expired portions of Key to NYC were moot, expressly rejecting the argument that the exceptions to the mootness doctrine were applicable. Id. In so doing, the Court found that the possibility of recurrence was too speculative to invoke the voluntary cessation exception or the capable of repetition exception to mootness. Id. In fact, the Second Circuit has consistently rejected applying exceptions to the mootness doctrine in the context of COVID-19 related restrictions which are no longer in place. See Reale v. Lamont, 2022 U.S. App. LEXIS 1607, *4 (2d Cir. Jan. 20, 2022)(holding that the exception to mootness based on an issue being capable of repetition yet evading review was

4

inapplicable to COVID-19 related restrictions on social gatherings); Dark Storm Indus. LLC v. Hochul, 2021 U.S. App. LEXIS 29863, *3 (2d Cir. Oct. 5, 2021)(finding that challenge to rescinded COVID-19 related restrictions on in-person operations of non-essential business was moot as the possibility of recurrence was speculative); see also NRA of Am. v. Hochul, 2021 U.S. App. LEXIS 33909,*2-3 (2d Cir. Nov. 16, 2021).  For the same reasons, the Court should conclude that no exceptions to the mootness doctrine apply here.

It appears that in a futile attempt to salvage their moot claims, plaintiffs propose to amend the complaint by adding "and have caused damage" or similar language to each cause of action.³  Am. Compl. at ¶¶ 166, 174, 177, 181, 192, 197, 206, 215.  Both the Complaint and proposed Amend. Compl., however, are utterly devoid of any allegations as to how any of the patron-plaintiffs were damaged by the now expired requirement to show proof of vaccination prior to entering a covered entity.  Plaintiffs' vague, conclusory assertions are insufficient to plead that such patron-plaintiffs have standing.  See Carlone v. Lamont, 2021 U.S. app. LEXIS 32440, *4 (2d Cir. Nov. 1, 2021) (finding allegation that plaintiff "suffered injuries to his business and his ability to make a living" as a result of Covid-related restricted access to courts was "too conclusory to support a finding of particularized injury[.]"); Remauro, 2022 U.S. Dist. LEXIS 86999, at fn 8. As the proposed amendments to the Complaint with respect to the patron-plaintiffs are futile, plaintiffs' motion for leave to amend the Complaint with respect to them should be denied. Accordingly, the Complaint must be dismissed as to the patron-plaintiffs, Jeanette Rivera, Natalia Yakubova and Alison Marchese. Consequently, the "Third Count" ("Substantive Due Process-Religious Freedom") and "Fourth Count" ("Substantive Due Process-Right to Direct One's

---

³ Plaintiffs also seek punitive damages, however, municipalities are immune from punitive damages under 42 U.S.C. § 1983.  Newport v. Fact Concerts, 453 U.S. 247, 271; Am. Compl. at WHEREFORE clause, "H."

5

Children's Upbringing") of the Complaint, must be dismissed as they only apply, respectively, to patron-plaintiffs, Natalia Yakubova and Alison Marchese. Compl. at ¶¶ 103-108, 115-123,160-165; Am. Compl. 116-121; 172-177.

For the same reasons, plaintiffs' "Thirteenth Amendment: Indentured Servitude" claim premised on the requirement that covered entities must check the vaccine status and identification of their patrons who enter their businesses, must also be dismissed as moot.

B.     **The Complaint and Proposed Amended Complaint Fail to State a Claim**

To the extent that any of the claims in the Complaint are not moot, the Opposition fails to adequately address, and the proposed amendments fail to cure, the deficiencies in the Complaint. Therefore, leave to amend should be denied and the Complaint should be dismissed.[4]

Equal Protection – Racial Discrimination and Compulsory Discrimination

Plaintiffs' equal protection claim based on racial discrimination[5] must be dismissed because as this Court noted, plaintiffs "have not shown that the EEOs target a protected class, are the result of animus, or are not rationally related to a legitimate government interest." Dixon, 2021 U.S. Dist. LEXIS 196287, *8. The addition of conclusory language in the proposed Amen. Compl., i.e., "defendants' actions were motivated by evil motive or intent, and/or involved reckless or callous indifference to the plaintiff's federal and state protected constitutional rights, and those of others," fails to address these shortcomings. Am. Compl. at ¶ 5; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere

---

[4] Plaintiffs have abandoned their Takings Claim and Freedom of Assembly Claim. See Plaintiffs' letter in opposition to defendants' motion to dismiss at 2 (Doc. No. 41).

[5] Only plaintiff Shaw-Nae Dixon pleads that she is African-American and only Jeannette Rivera pleads that she is Hispanic-American. Compl. at ¶¶ 73, 102. As set forth above, however, Jeannette Rivera's claim, premised on her status as a patron of covered establishments, is moot.

6

conclusory statements, do not suffice.)  Plaintiffs' reliance on Washington v. Davis, 426 U.S. 229 (1976) in their Opposition is misplaced in that in the instant action, Plaintiffs have failed to set forth a prima facie case.  Moreover, not only is the vaccine requirement equally applicable to all races, but current statistics show that it is equally administered:  60% of black New York City residents are vaccinated, while 63% of white New York City residents are vaccinated.[6]  Accordingly, the current facts available to the public do not bear out plaintiffs' discrimination claim. Furthermore, as Key to NYC does not discriminate on the basis of race, it does not compel businesses to discriminate based on race.

**Substantive Due Process**

### Bodily Integrity

Plaintiffs' substantive due process claim premised on a right to bodily health and integrity remains faulty for the same reasons this Court previously rejected it—there is no fundamental right to refuse to be vaccinated and the Key to NYC program did not and do not force anyone to get vaccinated.  Dixon, 2021 U.S. Dist. LEXIS 196287, *20.  The Amended Complaint does nothing to cure these fatal defects, but instead merely adds language regarding compulsory vaccinations, which is irrelevant in that Key to NYC does not mandate compulsory vaccinations. Key to NYC, when in place, simply required proof of vaccination to be shown to participate in certain indoor recreational and entertainment activities in the City. Am. Compl. at ¶ 170.  Indeed, in their Opposition, plaintiffs continue to cite inapposite cases involving forcible injections and a lack of informed consent, neither of which are present here.  See Opposition at 2 (Doc. No. 41).

---

[6] https://www1.nyc.gov/site/doh/covid/covid-19-data-vaccines.page (last visited June 9, 2022)

7

### Religious Freedom

As set forth above, the "Third Count," the substantive due process claim premised on religious freedom, must be dismissed as moot. Even were it not moot, however, this claim fails for the same reasons this Court rejected it in <u>Dixon</u>, in that the Key to NYC program, "do[es] not create a special category of harsher treatment for religious conduct alone, either by their terms or operations." 2021 U.S. Dist. LEXIS 196287, *17

### Parental Rights

As set forth above, the "Fourth Count," the substantive due process claim premised on parental rights is moot. In any event, this claim remains defective for the reasons set forth in <u>Dixon</u> in that Key to NYC has a rational basis and under Key to NYC, parents retain the choice of whether or not to vaccinate their children so that they may enter covered enter indoor recreation/entertainment establishments. Plaintiffs include nothing in their Opposition or proposed Amended Complaint to cure such defects. 2021 U.S. Dist. LEXIS 196287, *26.

### Right to Specific Private Employment

As this Court previously recognized, plaintiffs have failed to set forth a substantive due process violation premised on a right to pursue a chosen occupation in that plaintiffs have not been completely prohibited from engaging in their chosen professions. <u>Dixon</u>, 2021 U.S. Dist. LEXIS 196287, *24-25. Plaintiffs do not address this claim in their Opposition and fail to plead additional allegations in the proposed Amend. Compl. to cure their flawed claim.

### **The Mayor's Authority to Issue the Relevant EEOs**

As this Court already found that "the EEOS were issued pursuant to lawful processes under New York State law," plaintiffs claim that the Mayor lacked the authority to issue them under the City Charter, Administrative Code or "State Statute" should be dismissed. <u>Dixon</u>, 2021 U.S. Dist. LEXIS 196287, *30-31. Plaintiffs seek leave to amend the Complaint to

purportedly bolster this claim by adding the false allegation that in his declaration submitted in support of defendants' opposition to plaintiffs' motion for a preliminary injunction, Dr. Jay Varma admitted there was no longer an emergency. Am. Compl. at ¶ 39, 228. Dr. Varma's declaration was before this Court when it issued its finding that Key to NYC was lawfully issued; amending the Complaint to add language from it is therefore futile. Second, this allegation is flatly wrong. Dr. Varma did not state in his declaration that there is no longer a public health emergency. Rather, referring to the spring of 2020 when NYC experienced "a shortage of medical equipment, personal protective equipment, intensive care unit beds and medical personnel," Dr. Varma stated, "[w]hile New York City is no longer experiencing the widespread crisis that marked the spring of 2020, community transmission remains an ongoing public health concern." See Declaration of Dr. Jay Varma, dated October 5, 2021 (Doc. No. 14) ("Varma Dec.") at ¶¶ 17-18. Indeed, Dr. Varma noted in his declaration, "[t]he COVID-19 pandemic is unprecedented in its scope, affecting nearly every country in the world. It is prodigious public health concern in its devasting health outcomes, both direct and indirect." Varma Dec. at ¶ 7. There is clearly nothing inconsistent between Dr. Varma's Declaration and the continued declaration of emergency in New York City. In fact the nefarious and unpredictable nature of the disease and consequent support for a declaration of emergency is demonstrated by the fact that since the decision denying the preliminary injunction in this action was issued on October 10, 2021, a new variant, Omicron and well as subvariants, have emerged and are now the leading cause of COVID-19 infection.[7] Currently, the City's COVID alert level is at a high as there is a high community spread of COVID-19 and substantial pressure on the health care system.[8] Tellingly, this Court noted at a point in time when Delta was

---

[7] https://www1.nyc.gov/site/doh/covid/covid-19-data-variants.page (last visited June 9, 2022).

[8] https://www1.nyc.gov/site/doh/covid/covid-19-alert-levels.page (last visited June 9, 2022)

9

the predominant variant, "[a]lthough the most severe period of the COVID-19 pandemic appears to have subsided (hopefully) in New York City, a reasonable official could determine that the risk of a new surge in cases and hospitalizations has not." Dixon, 2021 U.S. Dist. LEXIS 196287, *31.

**Privileges and Immunities**

Contrary to plaintiffs' assertion in their Opposition that respondents "misinterpret and misunderstand" their Privileges and Immunities Claim (Opposition at 3), such claim remains barred by Supreme Court and Second Circuit precedent and must be dismissed. Dixon, 2021 U.S. Dist. LEXIS 196287, *34. Moreover, plaintiffs add no meaningful amendments in their proposed Amended Complaint with respect to this claim.

**Thirteenth Amendment – Indentured Servitude**

This court resoundingly rejected Plaintiffs' claim pursuant to the Thirteenth Amendment holding that, "[t]he Thirteenth Amendment does not bar New York City from requiring 'covered entities' to check an individual's vaccine records and identification." Dixon, 2021 U.S. Dist. LEXIS 196287, *27. Plaintiffs add nothing new in their Opposition with respect to this claim and merely cite U.S. v. Kozminski, 487 U.S. 931 (1988), which they previously cited in support of their motion for a preliminary injunction. See Plaintiffs' Brief in Support of Order to Show Cause with Temporary Restraints and Seeking Other Relief (Doc. No. 2-13) at 20.

**Preemption**

The only new claim plaintiffs include in their proposed Amended Complaint is that the Mayor was preempted from issuing the relevant EEOs. Plaintiffs first raised this claim in the reply submitted in further support of their motion for a preliminary injunction and could have asserted it in the initial Complaint. Am. Compl. at ¶¶ 2, 3, 208-215, 220-221. Amending the Complaint to add it would be futile.

10

Plaintiffs claim that the relevant EEOs are preempted by 21 U.S.C. § 360bbb, specifically the requirement that medical providers obtain informed consent from individuals receiving a "drug, device or biological product" authorized for emergency use and provide the option to individuals to refuse it. See Am. Compl. at ¶ 2; 21 U.S.C. § 360bbb-3(e)(1)(A)(ii). This argument was not only previously rejected by this Court, but courts across the country have also consistently rejected the argument that local vaccine requirements are preempted by 21 U.S.C. § 360bbb-3(e)(1)(A)(ii). See Dixon, 2021 U.S. Dist. LEXIS 196287, *32-33; Legaretta v. Macias, 2022 U.S. Dist. LEXIS 82330, *13-18 (Dist. Of New Mexico May 6, 2022); Wise v. Inslee, 2022 U.S. Dist. LEXIS 76793 *7-8 (E.D. of Washington April 27, 2022); Johnson v. Brown, 2021 U.S. Dist. LEXIS 200159, *52-56 (Dist. Of Oregon Oct. 18, 2021); Norris v. Stanley, 2021 U.S. Dist. LEXIS 198388, fn 2 (Oct. 8, 2021). As an initial matter, the Food and Drug Administration granted full approval to the Pfizer COVID-19 vaccine on August 23, 2021[9] and to the Moderna COVID-19 vaccine on January 31, 2022.[10] In any event, to the extent that 21 U.S.C. § 360bbb-3(e)(1)(A)(ii) is applicable to COVID-19 vaccines, plaintiffs' preemption claim is premised on a misunderstanding of 21 U.S.C. § 360bbb-3(e)(1)(A)(ii) as well as their failure once again to appreciate the distinction that Key to NYC does not force anyone to be vaccinated.

The informed consent requirement is only applicable to medical providers, not defendants. 21 U.S.C. § 360bbb-3(e)(1)(A), provides:

> With respect to the emergency use of an unapproved product, the Secretary, to the extent practicable given the applicable circumstances described in subsection (b)(1), shall, for a person who carries out any activity for which the authorization is issued,

---

[9]  https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/comirnaty-and-pfizer-biontech-covid-19-vaccine (last visited on June 9, 2022).

[10] https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/spikevax-and-moderna-covid-19-vaccine (last visited on June 9, 2022).

11

> establish such conditions on an authorization under this section as the finds necessary or appropriate to protect the public health, including the following: (Emphasis added).

See also Legaretta, 2022 U.S. Dist. LEXIS 82330, *15; Johnson, 2021 U.S. Dist. LEXIS 200159, *55. Additionally, the relevant EEOs did not and do not prevent plaintiffs from being provided with the information necessary for informed consent or from refusing the vaccine. Accordingly, there is no conflict between Key to NYC and 21 U.S.C. § 360bbb-3 and plaintiffs' proposed preemption claim fails as a matter of law. See Norris, 2021 U.S. Dist. LEXIS 198388, fn 2. Leave to amend the Complaint to include the preemption claim should therefore be denied. Wise, 2022 U.S. Dist. LEXIS 76793 *7-8.

## **CONCLUSION**

For the foregoing reasons, as well as those set forth in defendants' motion to dismiss the Complaint, the Complaint should be dismissed and plaintiffs' motion to amend the Complaint should be denied, together with such other relief as the Court deems just and proper.

Dated:     New York, New York
           June 9, 2022

                                            HON. SYLVIA O. HINDS-RADIX
                                            Corporation Counsel of the City of New York
                                            Attorney for Defendants
                                            100 Church Street
                                            New York, New York 10007

                                            By:    *Kerri A. Devine and Jasmine Paul* /s/
                                                          KERRI A. DEVINE
                                                          JASMINE PAUL