Index No. 21CV5090

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHAW-NAE DIXON, THOMAS CASATELLI,
JEANETTE RIVERA, NATALIA YUKUBOVA, CHRIS
KING, ALISON MARCHESE, on behalf of AM, JM, and
MMV (her minor children), WILLIAM MORRIS,
GEORGE KABBEZ, SHAW NAE'S HOUSE, LLC,
SALTY DOG RESTAURANT, LTD, PER TAVERN
CORP. d/b/a THE KETTLE BLACK, CARGOSTORK
PARTIES INC. d/b/a DO ME A FAVOR, and
INDEPENDENT RESTAURANT OWNERS
ASSOCIATION RESCUE, INC., individually, and on
behalf of all similarly situated individuals and businesses.

Plaintiffs,

-against-

ERIC ADAMS, in his official capacity as Mayor of the
City of New York and as successor to Bill de Blasio, and
THE CITY OF NEW YORK,

Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

# HON. SYLVIA O. HINDS-RADIX

*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 5-175
New York, New York 10007-2601

*Of Counsel:*   Kerri A. Devine
Jasmine Paul
*Tel:*  (212) 356-2214

Matter No. 2021-026953

_____

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

LEGAL STANDARD...................................................................................................... 1

ARGUMENT

     POINT I

          PLAINTIFFS' MOTION TO AMEND THE
          COMPLAINT SHOULD BE DENIED ......................................................2

          A.  Plaintiffs' Claims are Moot....................................................................2

          B.  Plaintiffs lack standing...........................................................................6

          C.  The Proposed Amended Complaint Fails to State a Claim ..................7

               i.     Additional EEOs ........................................................................7

               ii.    Equal Protection – Racial Discrimination
                    and Compulsory Discrimination ..................................................8

               iii.   Due Process.................................................................................8

               iv.   The Mayor's Authority to Issue the
                    Relevant EEOs ..........................................................................11

                v.    Privileges and Immunities..........................................................12

                vi.   Thirteenth Amendment – Indentured
                    Servitude ...................................................................................12

                vii.  Preemption .................................................................................13

     CONCLUSION.............................................................................................................. 15

## **TABLE OF AUTHORITIES**

**<u>Cases</u>**                                                                                                          **<u>Pages</u>**

<u>Already, LLC v. Nike, Inc.</u>,
   568 U.S. 85 (2013)................................................................................................3

<u>Arizonans for Off. Eng. v. Arizona</u>,
   520 U.S. 43 (1997)................................................................................................3

<u>Ashcroft v. Iqbal</u>,
   556 U.S. 662 (2009)..............................................................................................7

<u>Board of Regents v. Roth</u>,
   408 U.S. 564 (1972)..............................................................................................9

<u>Bravo v. De Blasio</u>,
   75 Misc. 3d 373 (Sup. Ct. Kings Cnty. 2022).....................................................11

<u>Campbell-Ewald Co. v. Gomez</u>,
   577 U.S. 153 (2016)..............................................................................................3

<u>Cantazaro v. Weiden</u>,
   188 F.3d 56 (2d Cir. 1998)..................................................................................10

<u>Carlone v. Lamont</u>,
   No. 21-871, 2021 U.S. app. LEXIS 32440
   (2d Cir. Nov. 1, 2021)...........................................................................................5

<u>Carney v. Adams</u>,
   141 S. Ct. 493 (2020)............................................................................................6

<u>Dark Storm Indus. LLC v. Hochul</u>,
   No. 20- 2725-cv, 2021 U.S. App. LEXIS 29863
   (2d Cir. Oct. 5, 2021).............................................................................................5

<u>Dixon v. De Blasio</u>,
   566 F. Supp. 3d 171,179-80 (E.D.N.Y. 2021)
   vacated and remanded by
   2022 U.S. App. LEXIS 8785 (Mar. 28, 2022)..................................8, 10, 11, 12, 13

<u>Dixon v. DeBlasio</u>,
   2022 U.S. App. LEXIS 8785 (2d Cir. Mar. 28, 2022)...........................................1

<u>Dluhos v. Floating and Abandoned Vessel Known as "New York"</u>,
   162 F.3d 63 (2d Cir. 1998)....................................................................................2

**<u>Cases</u>**                                                                                              **<u>Pages</u>**

Dobbs v. Jackson Woman's Health Organization,
    142 S. Ct. 2228 (June 24, 2022)............................................................8, 12

Donohue v. Hochul,
    No. 21-cv-8463, 2022 U.S. Dist. LEXIS 32011
    (S.D.N.Y. Feb. 23, 2022)......................................................................13

Ewing v. Mytinger & Casselberry Inc.,
    339 U.S. 594 (1950).............................................................................10

Fed. Election Comm'n v. Wisc. Right to Life, Inc.,
    551 U.S. 449 (2007)...............................................................................4

Forman v. Davis,
    371 U.S. 178 (1962)...............................................................................2

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,
    528 U.S. 167 (2000)...............................................................................4

Generoso v. Adams,
    No. 528739/2021, 2022........................................................................11

Hartman v. Acton,
    2020 U.S. Dist. LEXIS 72068 (S.D. Ohio Apr. 21, 2020) ......................9

Hodel v. Va. Surface Mining & Reclamation Ass'n,
    452 U.S. 264 (1981)...........................................................................9, 10

Hopkins Hawley, LLC v. Cuomo,
    518 F. Supp 3d 705 (S.D.N.Y. 2021)......................................................9

Johnson v. Brown,
    3:21-cv- 1494, 2021 U.S. Dist. LEXIS 200159
    (Dist. of OR Oct. 18, 2021)...............................................................13, 14

Kingdomware Techs., Inc. v. United States,
    136 S. Ct. 1969 (2016)...........................................................................4

Knox v. Serv. Emps. Int'l Union, Local 1000,
    567 U.S. 298 (2012)...............................................................................3

Legaretta v. Macias,
    No. 21-cv-179, 2022 U.S. Dist. LEXIS 82330 (Dist. of NM May 6, 2022).....................13, 14

Logan v. Zimmerman Brush Co.,
    455 U.S. 422 .........................................................................................9

**Cases**                                                                                       **Pages**

Lucente v. IBM,
    310 F.3d 243 (2d Cir. 2002)........................................................................................2

Min Jin v. Metropolitan Life Ins. Co.,
    310 F.3d 84 (2d Cir. 2002)..........................................................................................2

Murphy v. Hunt,
    455 U.S. 478 (1982)....................................................................................................4

N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York,
    140 S. Ct. 1525 (2020) (per curiam) ..........................................................................3

New York Pet Welfare Ass'n v. City of New York,
    143 F. Supp. 3d 50 (E.D.N.Y. 2015),
    aff'd 850 F.3d 79 (2d Cir. 2017),
    cert denied, 138 S. Ct. 131 (2017) .............................................................................9

Newport v. Fact Concerts,
    453 U.S. 247 ................................................................................................................5

Norris v. Stanley,
    No. 1:21-cv-756, 2021 U.S. Dist. LEXIS 198388 (Oct. 8, 2021)......................13, 14

NRA of Am. v. Hochul,
    No. 20-3187-cv, 2021 U.S. App. LEXIS 33909
    (2d Cir. Nov. 16, 2021)................................................................................................5

Our Wicked Lady LLC v. Cuomo,
    No. 21-cv-0165, 2021 U.S. Dist. LEXIS 44505
    (S.D.N.Y. 2021)...........................................................................................................9

Parratt v. Taylor,
    451 U.S. 527 (1981)....................................................................................................9

Pleasant View Baptist Church v. Beshear,
    No. 20-6399, 2020 U.S. App. LEXIS 40077
    (6th Cir. Dec. 21, 2020) ..............................................................................................3

Reale v. Lamont,
    No. 20- 3707- cv, 2022 U.S. App. LEXIS 1607
    (2d Cir. Jan. 20, 2022) ................................................................................................4

Remauro v. Adams,
    21-cv-4553, 2022 U.S. Dist. LEXIS 86999
    (E.D.N.Y. May 13, 2022) ...................................................................................4, 5, 7

**Cases**                                                                                                     **Pages**

Wise v. Inslee,
    No. 2:21-cv-0288, 2022 U.S. Dist. LEXIS 76793
    (E.D. of Was. April 27, 2022) .......................................................................13, 14

**Statutes**

21 U.S.C. § 360bbb ....................................................................................................13

21 U.S.C. § 360bbb-3 .................................................................................................14

21 U.S.C. § 360bbb-3(e)(1)(A) ..................................................................................14

21 U.S.C. § 360bbb-3(e)(1)(A)(ii) ........................................................................13, 14

42 U.S.C. § 1983 ..........................................................................................................5

Fed. R. Civ. P. 12 (b) ...................................................................................................1

Fed. R. Civ. P. 12 (b)(6) ..............................................................................................2

Fed. R. Civ. P. 12 (e) ...................................................................................................1

Fed. R. Civ. P. 12 (f) ....................................................................................................1

Fed. R. Civ. P. 15 (a)(2) ...........................................................................................1, 2

N.Y. Exec. Law § 20 ..................................................................................................11

N.Y. Exec. Law § 24 ..................................................................................................11

N.Y. Exec. Law § 28(1) .............................................................................................11

Defendants,[1] by their attorney, HONORABLE SYLVIA O. HINDS-RADIX, Corporation Counsel of the City of New York, submit this memorandum of law in opposition to plaintiffs' motion to amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(2).

## PRELIMINARY STATEMENT

Plaintiffs' motion for leave to amend the Complaint should be denied as amending would be futile.  Since the Court issued its decision denying plaintiffs' motion for a preliminary injunction, many of plaintiffs' claims have become moot as most requirements set forth in the challenged Emergency Executive Orders that comprise the Key to NYC Program, have expired. Indeed, the Second Circuit recently dismissed plaintiffs' appeal of this Court's denial of their motion for a preliminary injunction as moot.  Dixon v. DeBlasio, 2022 U.S. App. LEXIS 8785 (2d Cir. Mar. 28, 2022). Additionally, despite the fact that nearly a year has passed since plaintiffs commenced this litigation, they still fail to identify any concrete injury they have suffered as a result of Key to NYC and therefore lack standing. Moreover, contrary to plaintiffs' assertions, recent U.S. Supreme Court decisions do not provide support for any of plaintiffs' claims.  Finally, the proposed Amended Complaint does nothing to cure the defects in plaintiffs' claims identified in this Court's decision denying plaintiffs' motion for a preliminary injunction. Accordingly, plaintiffs' motion should be denied in its entirety.

## LEGAL STANDARD

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served or 21 days after a responsive pleading or motion pursuant to Rule 12 (b), (e) or (f) is served, otherwise "only by leave of court or by written consent of the adverse party."  Fed. R. Civ. P. 15(a)(2).  Although, generally, leave to amend should be "freely

---

[1] As of January 1, 2022, Eric Adams is the Mayor of New York City.

give[n]…when justice so requires", Fed. R. Civ. P. 15(a)(2), "[n]onetheless, a motion to amend should be denied" if the amendment would be futile, cause undue delay, or cause undue prejudice. Dluhos v. Floating and Abandoned Vessel Known as "New York", 162 F.3d 63, 69 (2d Cir. 1998) (citations omitted); see also Forman v. Davis, 371 U.S. 178, 182 (1962); Min Jin v. Metropolitan Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002).  In addition, "[a]n amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. IBM, 310 F.3d 243, 258 (2d Cir. 2002).

## ARGUMENT

### POINT I

### PLAINTIFFS' MOTION TO AMEND THE COMPLAINT SHOULD BE DENIED

#### A.   Plaintiffs' Claims are Moot

While the Key to NYC program set forth in Emergency Executive Orders ("EEO") such as EEO 225 and 250 originally required patrons to provide proof of vaccination to enter a covered indoor recreation/entertainment establishment, that requirement expired on March 7, 2022 pursuant to EEO 50.[2]   The only remaining Key to NYC requirement is that covered entities must continue to require proof of vaccination from covered workers and maintain records of the same. Several of the plaintiffs base their claims solely on the now expired portion of Key to NYC applicable to patrons; plaintiffs Jeanette Rivera's and Natalia Yakubova's claims are premised on their inability to patronize covered establishments due to their unvaccinated status and plaintiff Alison Marchese's claims brought on behalf of her minor children are similarly premised on the

---

[2]https://www1.nyc.gov/office-of-the-mayor/news/050-003/emergency-executive-order-50#:~:text=I%20hereby%20direct%20that%3A,has%20received%20a%20reasonable%20accommodation (last accessed August 5, 2022).

inability of her minor children to enter covered establishments due to their unvaccinated status. Proposed Amended Complaint ("Am. Compl.") at ¶¶ 141-145; 147-152; 159-167.  Their claims are consequently moot as is the entire action to the extent it seeks to enjoin enforcement of the expired portions of Key to NYC.

Mootness is a jurisdictional doctrine that ensures federal courts are only deciding live cases or controversies.  See Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 160 (2016). Mootness is "standing set in a time frame:  The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Arizonans for Off. Eng. v. Arizona, 520 U.S. 43, 67 (1997).  A matter is moot "when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party."  Knox v. Serv. Emps. Int'l Union, Local 1000, 567 U.S. 298, 307 (2012) (quotations omitted).

Once a law is off the books and replaced with a "new rule" that does not injure the plaintiff, a case becomes moot, "leaving us with an absence of jurisdiction to adjudicate the case." Pleasant View Baptist Church v. Beshear, No. 20-6399, 2020 U.S. App. LEXIS 40077, at *5 (6th Cir. Dec. 21, 2020) (internal citations omitted); see also, N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York, 140 S. Ct. 1525, 1526 (2020) (per curiam) (holding that a claim for injunctive relief against a law was moot when the law was amended to give "the precise relief that [the plaintiffs] requested").

There are exceptions to the mootness doctrine.   "[A] defendant cannot automatically moot a case simply by ending its [allegedly] unlawful conduct once sued."  Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013).  Therefore, a defendant claiming that its voluntary compliance moots a case bears the burden of showing that it is clear the allegedly wrongful behavior could not "reasonably be expected to recur" and is not one "capable of repetition yet

evading review." Fed. Election Comm'n v. Wisc. Right to Life, Inc., 551 U.S. 449, 462 (2007);

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 190 (2000). A law

is "capable of repetition yet evading review" when: (1) "the challenged action [is] in its duration

too short to be fully litigated prior to cessation or expiration," and (2) "there [is] reasonable

expectation that the [plaintiffs] [will] be subject to the same action again." Kingdomware Techs.,

Inc. v. United States, 136 S. Ct. 1969, 1976 (2016) (instructing that this "exception applies only in

exceptional situations" (internal quotations omitted)). A reasonable expectation means more than

"a mere physical or theoretical possibility" that Plaintiffs will be subject to the same action.

Murphy v. Hunt, 455 U.S. 478, 482 (1982). Otherwise, "virtually any matter of short duration

would be reviewable." Id. Rather, Plaintiffs must evidence a "demonstrated probability that the

same controversy will recur involving the same complaining party." Id. (internal quotations

omitted).

The exceptions to the mootness doctrine are not applicable here. Indeed, the federal

court in Remauro v. Adams, 21-cv-4553, 2022 U.S. Dist. LEXIS 86999, at *8-13 (E.D.N.Y. May

13, 2022) recently addressed this precise issue and held that claims challenging the expired

portions of Key to NYC were moot, expressly rejecting the argument that the exceptions to the

mootness doctrine were applicable. Id. In so doing, the Court found that the possibility of

recurrence was too speculative to invoke the voluntary cessation exception or the capable of

repetition exception to mootness. Id. In fact, the Second Circuit has consistently rejected applying

exceptions to the mootness doctrine in the context of COVID-19 related restrictions which are no

longer in place. See Reale v. Lamont, No. 20- 3707- cv, 2022 U.S. App. LEXIS 1607, at *4 (2d

Cir. Jan. 20, 2022)(holding that the exception to mootness based on an issue being capable of

repetition yet evading review was inapplicable to COVID-19 related restrictions on social

gatherings); <u>Dark Storm Indus. LLC v. Hochul</u>, No. 20- 2725-cv, 2021 U.S. App. LEXIS 29863, at *3 (2d Cir. Oct. 5, 2021)(finding that challenge to rescinded COVID-19 related restrictions on in-person operations of non-essential business was moot as the possibility of recurrence was speculative); <u>see</u> <u>also</u> <u>NRA of Am. v. Hochul</u>, No. 20-3187-cv, 2021 U.S. App. LEXIS 33909, at *2-3 (2d Cir. Nov. 16, 2021).  For the same reasons, the Court should conclude that no exceptions to the mootness doctrine apply here.

It appears that in a futile attempt to salvage their moot claims, plaintiffs propose to amend the complaint by adding "and have caused damage" or similar language to each cause of action.[3]  Am. Compl. at ¶¶ 196, 204, 207, 210, 214, 226, 231, 240, 246.  Both the Complaint and proposed Amended Complaint, however, are utterly devoid of any allegations as to how any of the patron-plaintiffs were damaged by the now expired requirement to show proof of vaccination prior to entering a covered entity.  Plaintiffs' vague, conclusory assertions are insufficient to plead that such patron-plaintiffs have standing.  <u>See</u> <u>Carlone v. Lamont</u>, No. 21-871, 2021 U.S. app. LEXIS 32440, at *4 (2d Cir. Nov. 1, 2021) (finding allegation that plaintiff "suffered injuries to his business and his ability to make a living" as a result of Covid-related restricted access to courts was "too conclusory to support a finding of particularized injury[.]"); <u>Remauro</u>, 2022 U.S. Dist. LEXIS 86999, at n 8.  As the proposed amendments to the Complaint with respect to the patron-plaintiffs are futile, plaintiffs' motion for leave to amend the Complaint with respect to them and all those similarly situated should be denied.

For the same reasons, it would be futile to amend the Complaint with respect to the "Thirteenth Amendment:  Indentured Servitude" claim as it is premised on the requirement that

---

[3] Plaintiffs also seek punitive damages, however, municipalities are immune from punitive damages under 42 U.S.C. § 1983.  <u>Newport v. Fact Concerts</u>, 453 U.S. 247, 271; Am. Compl. at WHEREFORE clause, "H."

covered entities must check the vaccine status and identification of their patrons who enter their businesses, and is therefore also moot.

## B.   **Plaintiffs lack standing**

Plaintiffs' motion for leave to Amend the Complaint is also futile as plaintiffs lack standing to challenge the EEOs.  Both the Complaint and the proposed Amended Complaint fail to sufficiently allege that any of the plaintiffs have suffered a "concrete and particularized" injury in fact that is not "conjectural or hypothetical."  Carney v. Adams, 141 S. Ct. 493, 498 (2020). Indeed, despite the fact that the Complaint was filed nearly a year ago, the proposed Amended Complaint contains no additional allegations as to how any of the plaintiffs were actually harmed while Key to NYC remained in effect. Notably, the allegations of harm in the proposed Amended Complaint still consist of speculative predictions about future harm. Am. Compl. at ¶¶118, 119, 134, 135, 136, 140, 144, 150, 157, 158, 164, 176, 183.  Moreover, both the Complaint and proposed Amended Complaint are devoid of any allegations as to whether any of plaintiffs sought a reasonable accommodation.  Businesses may consider whether they are able to make reasonable accommodations pursuant to Federal, State or local law for patrons and employees who are unable to be vaccinated.[4]  Specifically:

> Each Key to NYC business should consider appropriate reasonable accommodations, keeping in mind the purposes behind this policy and public health. For additional information, call the Small Business Services hotline at 888-SBS-4-NYC or visit CCHR's website at https://www1.nyc.gov/site/cchr/community/covid-public-places.page and read CCHR's fact sheets: Key to NYC: Guidance for Customers and Employees on Equitable

---

[4]   See Key to NYC Frequently Asked Questions, available at: https://www1.nyc.gov/assets/counseltothemayor/downloads/Key-to-NYC-FAQ.pdf (last visited August 5, 2022); New York City Commission on Human Rights Guidance for Businesses on Equitable Implementation of Key to NYC, available at: https://www1.nyc.gov/assets/cchr/downloads/pdf/materials/KeyToNYC_FactSheet-Business.pdf (last visited August 5, 2022).

Implementation and Key to NYC: Guidance for Businesses on Equitable Implementation.

Key to NYC Frequently Asked Questions at p. 9. Accordingly, plaintiffs and those similarly situated to plaintiffs lack standing to challenge the EEOs.  Remauro, 2022 U. S. Dist. LEXIS 86999, at *16-17 (finding plaintiffs lacked standing to challenge Key to NYC as they failed to allege that they had been personally injured by the Key to NYC requirements.)  As the proposed Amended Complaint does nothing to cure this fatal defect, it would be futile to grant plaintiffs leave to amend.

**C.      The Proposed Amended Complaint Fails to State a Claim**

To the extent that any of the claims in the Complaint are not moot, the proposed amendments fail to cure the deficiencies in the Complaint.  Therefore, leave to amend should be denied.[5]

**i.   Additional EEOs**

Plaintiffs seek to amend the Complaint to now challenge "all Emergency Executive Orders ("EEOs") of Mayors Bill de Blasio and Eric Adams at all times since June 24, 2021 including, without limitation…."  Am. Compl. at ¶1.  To the extent plaintiffs seek to challenge any EEO not concerning Key to NYC, the Am. Compl. fails to state a claim as it fails to contain sufficient allegations with respect to any EEO other than those concerning Key to NYC, and in that respect, amending the Complaint would be futile. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.)

---

[5] Plaintiffs have abandoned their Takings Claim and Freedom of Assembly Claim.  See Plaintiffs' letter in opposition to defendants' motion to dismiss at 2 (Doc. No. 41).

### ii.  Equal Protection – Racial Discrimination and Compulsory Discrimination

This Court previously found that plaintiffs were not likely to succeed on their equal protection claim based on racial discrimination[6] because plaintiffs "have not shown that the EEOs target a protected class, are the result of animus, or are not rationally related to a legitimate government interest."  Dixon v. De Blasio, 566 F. Supp. 3d 171,179-80 (E.D.N.Y. 2021) vacated and remanded by 2022 U.S. App. LEXIS 8785 (Mar. 28, 2022). The proposed Amended Complaints adds nothing to address this. Moreover, not only is the vaccine requirement equally applicable to all races, but current statistics show that it is equally administered:  67% of black New York City residents are vaccinated, 84% of Hispanic/Latino New York City residents are vaccinated and 69% of white New York City residents are vaccinated.[7]  Accordingly, the current facts available to the public do not bear out plaintiffs' discrimination claim. Furthermore, as Key to NYC does not discriminate on the basis of race, it does not compel businesses to discriminate based on race.

### iii.  Due Process

Curiously, plaintiffs rely on the concurring opinion of Justice Clarence Thomas in Dobbs v.  Jackson Woman's Health Organization, 142 S. Ct. 2228 (June 24, 2022), in support of their due process claims. See Am. Compl. at 98. However, in that decision, Justice Thomas rejects the notion of substantive due process rights, which are essentially the rights that Petitioner is asserting in the Amended Complaint, saying substantive due process "lacks any basis in the Constitution." Am. Compl. at 98-100, 104, 197, 201-2.  While Plaintiffs seemingly attempt to

---

[6] Only plaintiff Shaw-Nae Dixon pleads that she is African-American and only Jeannette Rivera pleads that she is Hispanic-American.  Compl. at ¶¶ 73, 102.  As set forth above, however, Jeannette Rivera's claim, premised on her status as a patron of covered establishments, is moot.

[7] https://www1.nyc.gov/site/doh/covid/covid-19-data-vaccines.page (last visited Aug. 3, 2022)

substitute claims for procedural due process for their previously asserted substantive due process claims, simply striking the word "substantive" from the Amended Complaint does not obviate the fact that Plaintiffs are still asserting violations of substantive due process in sum and substance.

However, to the extent it can be construed that Plaintiffs are asserting a procedural due process claim, the threshold question in addressing plaintiffs' due process claim is whether plaintiffs have a protected liberty or property interest of which they have been deprived that is subject to due process protection.   Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972). Plaintiffs herein have failed to identify a liberty or property interest of which they were deprived as a result of the challenged EEOs.  Moreover, plaintiffs were not entitled to procedural due process prior to the enactment of each of the EEOs. The EEOs are legislative in nature.  See Hopkins Hawley, LLC v. Cuomo, 518 F. Supp 3d 705, at 714 (S.D.N.Y. 2021); Our Wicked Lady LLC v. Cuomo, No. 21-cv-0165, 2021 U.S. Dist. LEXIS 44505, at *13 (S.D.N.Y. 2021).  As such, they are not subject to the due process requirements of notice and an opportunity to be heard.  Id., New York Pet Welfare Ass'n v. City of New York, 143 F. Supp. 3d 50, 70 (E.D.N.Y. 2015), aff'd 850 F.3d 79 (2d Cir. 2017), cert denied, 138 S. Ct. 131 (2017).  "A person adversely affected by a law of general applicability has no due process right to a hearing[.]" Hartman v. Acton, 2020 U.S. Dist. LEXIS 72068 *22 (S.D. Ohio Apr. 21, 2020).  See also Logan v. Zimmerman Brush Co., 455 U.S. 422, 433 (noting that an individual's due process rights are not violated by a law of general applicability since "the legislative determination provides all the process that is due.")

Furthermore, even if plaintiffs were entitled to notice and an opportunity to be heard, due process does not automatically trigger a right to a pre-deprivation hearing.  Parratt v. Taylor, 451 U.S. 527 (1981). Rather, summary administrative action is justified to protect the health and safety of the public. Hodel v. Va. Surface Mining & Reclamation Ass'n, 452 U.S. 264,

300 (1981). Indeed, deprivation of property to protect the public health and safety is "[one] of the oldest examples" of permissible summary action. Id. at 300, quoting Ewing v. Mytinger & Casselberry Inc., 339 U.S. 594, 599 (1950); see also, Cantazaro v. Weiden, 188 F.3d 56, 62 (2d Cir. 1998).

To the extent plaintiffs continue to allege violations of the their due process rights, the proposed amendments to the Complaint do nothing to cure the deficiencies in the claims asserted in the original Complaint.

**Bodily Integrity**

Plaintiffs' substantive due process claim premised on a right to bodily health and integrity remains faulty for the same reasons this Court previously rejected it—there is no fundamental right to refuse to be vaccinated and the Key to NYC program did not and does not force anyone to get vaccinated.  Dixon, 566 F. Supp. 3d 171, 185.

**Religious Freedom**

As set forth above, the "Third Count," the substantive due process claim premised on patron-plaintiff Natalia Yakubova's claim of religious freedom, must be dismissed as moot. Even were it not moot, however, this claim fails for the same reasons this Court rejected it in Dixon, in that the Key to NYC program, "do[es] not create a special category of harsher treatment for religious conduct alone, either by their terms or operations."  566 F. Supp. 3d at 183.

**Parental Rights**

As set forth above, the "Fourth Count," the substantive due process claim asserted by plaintiff Alison Marchese and premised on her claimed parental rights and the inability of her unvaccinated children to visit her at work in her restaurant pursuant to the expired provisions of Key to NYC, is moot.  In any event, this claim remains defective for the reasons set forth in Dixon in that Key to NYC had a rational basis and under Key to NYC, parents retained the choice of

10

whether or not to vaccinate their children so that they could enter covered indoor recreation/entertainment establishments.  566 F. Supp. 3d at 187.  Plaintiffs include nothing in the proposed Amended Complaint to cure such defects.

### Right to Specific Private Employment

As this Court previously recognized, plaintiffs have failed to set forth a substantive due process violation premised on a right to pursue a chosen occupation in that plaintiffs have not been completely prohibited from engaging in their chosen professions.  Dixon, 566 F. Supp. 3d at 186-7.  Plaintiffs fail to plead additional allegations in the proposed Amended Complaint to cure their flawed claim.

### iv.  The Mayor's Authority to Issue the Relevant EEOs

As this Court and others have already found that "the EEOs were issued pursuant to lawful processes under New York State law," plaintiffs claim that the Mayor lacked the authority to issue them under the City Charter, Administrative Code or "State Statute" should be dismissed. Dixon, 566 F. Supp. 3d at 189-90; Bravo v. De Blasio, 75 Misc. 3d 373, at 384-85 (Sup. Ct. Kings Cnty. 2022); Generoso v. Adams, No. 528739/2021, 2022 NYLJ Lexis 116, at *7-10 (Sup. Ct. Kings Cnty Feb. 10, 2022).  Plaintiffs' new assertion in the proposed Amended Complaint that the "*only* source of authority for the Mayor to issue the EEOs based on an epidemic disaster could have come from the Governor, pursuant to N.Y. Exec. L. § 28(1)," is baseless.  Am. Compl. at ¶40.  The actions taken by the Mayor in response to the COVID-19 pandemic are within the power granted to him by the legislature.  New York Executive Law ("Exec. Law") § 24 authorizes the Mayor to proclaim a local state of emergency, in the event of a disaster, as defined by Exec. Law § 20 to include an epidemic, and upon a finding by the Mayor that the public safety is imperiled by such public emergency.  The COVID-19 global pandemic clearly triggered the Mayor's authority to proclaim a local state of emergency.  Exec. Law § 24 further provides that once the

Mayor declares a local state of emergency, he may issue local emergency orders, "to protect life and property or to bring the emergency situation under control."  Any challenged orders issued by the Mayor were issued in accordance with the authority granted to him by the legislature.

### v.  Privileges and Immunities

Plaintiffs seek to have the Court find that Defendants violated the privileges and immunities clause of the Fourteenth Amendment and overturn the Slaughterhouse cases. However, such claim remains barred by Supreme Court and Second Circuit precedent and must be dismissed. Dixon, 566 F. Supp. 3d at 190.  Moreover, plaintiffs add no meaningful amendments in their proposed Amended Complaint with respect to this claim. Plaintiffs erroneously rely on Justice Thomas' concurring opinion in Dobbs in support of their position that the Slaughterhouse cases should be overturned. However, Justice Thomas argued that since no substantive due process exists, the Court could look to see if those rights that the Court has in the past ratified on substantive due process grounds, fall under the privileges and immunities clause. He further argued that this review would require the Court to consider whether the privileges and immunities clause protects any rights not enumerated in the Constitution. See Dobbs, 142 S. Ct. 2228, 2302. Justice Thomas did not however suggest that the Slaughterhouse cases should be overturned or that the privileges and immunities clause does cover rights not enumerated in the Constitution.

### vi.  Thirteenth Amendment – Indentured Servitude

This Court resoundingly rejected Plaintiffs' claim pursuant to the Thirteenth Amendment holding that, "[t]he Thirteenth Amendment does not bar New York City from requiring 'covered entities' to check an individual's vaccine records and identification." Dixon, 566 F. Supp. 3d at 187.  Plaintiffs add no meaningful allegations with respect to this claim.

### vii. Preemption

The only new claim plaintiffs include in their proposed Amended Complaint is that the Mayor was preempted from issuing the relevant EEOs.  Am. Compl. at ¶¶ 4, 66-71, 250. However, as plaintiffs first raised this claim in the reply submitted in further support of their motion for a preliminary injunction, it was already addressed and rejected by this Court.  See Dixon, 566 F. Supp. 3d at 189-90.  Amending the Complaint to add it would therefore be futile.

Plaintiffs claim that the relevant EEOs are preempted by 21 U.S.C. § 360bbb, specifically the requirement that medical providers obtain informed consent from individuals receiving a "drug, device or biological product" authorized for emergency use and provide the option to individuals to refuse it.  See Am. Compl. at ¶ 2; 21 U.S.C. § 360bbb-3(e)(1)(A)(ii).  This argument was not only previously rejected by this Court, but courts across the country have also consistently rejected the argument that local vaccine requirements are preempted by 21 U.S.C. § 360bbb-3(e)(1)(A)(ii).  See Legaretta v. Macias, No. 21-cv-179, 2022 U.S. Dist. LEXIS 82330, at *13-18 (Dist. of NM May 6, 2022); Wise v. Inslee, No. 2:21-cv-0288, 2022 U.S. Dist. LEXIS 76793, at *7-8 (E.D. of Was. April 27, 2022); Johnson v. Brown, 3:21-cv- 1494, 2021 U.S. Dist. LEXIS 200159, at *52-56 (Dist. of OR Oct. 18, 2021); Norris v. Stanley, No. 1:21-cv-756, 2021 U.S. Dist. LEXIS 198388, n 2 (Oct. 8, 2021); see also Donohue v. Hochul, No. 21-cv-8463, 2022 U.S. Dist. LEXIS 32011, at *20-21 (S.D.N.Y. Feb. 23, 2022)("Lacking a right of action under the statute, Plaintiffs cannot leverage the emergency use authorization to invalidate the mask mandate here.")  As an initial matter, the Food and Drug Administration granted full approval to the Pfizer COVID-19 vaccine on August 23, 2021[8] and to the Moderna COVID-19 vaccine on January 31,

---

[8]   https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/comirnaty-and-pfizer-biontech-covid-19-vaccine (last visited on June 9, 2022).

2022.[9]  In any event, to the extent that 21 U.S.C. § 360bbb-3(e)(1)(A)(ii) is applicable to COVID-19 vaccines, plaintiffs' preemption claim is premised on a misunderstanding of 21 U.S.C. § 360bbb-3(e)(1)(A)(ii) as well as their failure once again to appreciate the distinction that Key to NYC does not force anyone to be vaccinated.

The informed consent requirement is only applicable to medical providers, not defendants.  21 U.S.C. § 360bbb-3(e)(1)(A), provides:

> With respect to the emergency use of an unapproved product, the Secretary, to the extent practicable given the applicable circumstances described in subsection (b)(1), shall, for a person who carries out any activity for which the authorization is issued, establish such conditions on an authorization under this section as the finds necessary or appropriate to protect the public health, including the following:  (Emphasis added).

See also Legaretta, 2022 U.S. Dist. LEXIS 82330, at *15; Johnson, 2021 U.S. Dist. LEXIS 200159, at *55.  Additionally, the relevant EEOs did not and do not prevent plaintiffs from being provided with the information necessary for informed consent or from refusing the vaccine.  Accordingly, there is no conflict between Key to NYC and 21 U.S.C. § 360bbb-3 and plaintiffs' proposed preemption claim fails as a matter of law.  See Norris, 2021 U.S. Dist. LEXIS 198388, n 2.  Leave to amend the Complaint to include the preemption claim should therefore be denied.  Wise, 2022 U.S. Dist. LEXIS 76793 at *7-8.

---

[9]  https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/spikevax-and-moderna-covid-19-vaccine (last visited on June 9, 2022).

## <u>CONCLUSION</u>

For the foregoing reasons, plaintiffs' motion to amend the Complaint should be

denied, together with such other relief as the Court deems just and proper.

Dated:     New York, New York
           August 5, 2022

                            HON. SYLVIA O. HINDS-RADIX
                            Corporation Counsel of the City of New York
                            Attorney for Defendants
                            100 Church Street
                            New York, New York 10007

                          By:   *Kerri A. Devine and Jasmine Paul* /s/
                            KERRI A. DEVINE
                            JASMINE PAUL